A. W. McGHEE AND ANDREW KNOX, PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF TENAFLY, ETC., ET AL., RESPONDENTS.

Argued January 22, 1941—Decided May 6, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutors, *Seufert & Elmore (Charles Fishberg).*

For the respondents, *Seymour A. Smith, Irving S. Reeve* and *Abram A. Lebson.*

The opinion of the court was delivered by

CASE, J. This is the return of a rule to show cause why a writ of *certiorari* should not issue to review a resolution passed by the mayor and council of the Borough of Tenafly wherein Harry F. Batchelder was granted a permit for the erection of a private residence on a lot of land located in zone Class "A," as defined by the municipal ordinance. The case turns upon the shape of the lot, the location and physical aspects

of the building design and the provisions of the zoning ordinance. The ordinance provides that in Class "A" zone all buildings shall have a minimum of thirty feet in the depth of the rear yard. It further provides that "The 'rear lot line' is the lot line opposite the street line. In the case of a corner lot, the 'rear lot line' may be elected by the owner provided it be indicated on the plans filed with the building inspector when a building is contemplated."

The lot is located at the corner of Knickerbocker Road and Westervelt avenue and is of irregular shape and unequal proportions. It abuts fifty feet on Knickerbocker Road which forms the west boundary. The north line is straight. It leaves Knickerbocker Road at slightly greater than a right angle, is 183 feet in length and meets, at a right angle, the east line which is also straight. The south line spreads west to east in a sweeping curve following the line of Westervelt avenue. Near the southerly line it bulges out to the extent that the easterly line of the lot is slightly over 97 feet in length. It was generally considered that the lot in question was not available for development purposes under existing ordinance limitations. It was owned by the municipality and was sold at public sale for $150, although the lots in that vicinity range much higher in price. Batchelder filed plans and specifications for the construction of a house estimated to cost $5,500. The mayor and council of the borough, by resolution, instructed the building inspector to issue a building permit, and the inspector issued the permit accordingly.

The practical objection which the prosecutors state is "that the builder is attempting to jam a small house in the rear end of the property to take advantage of a cheap piece of land." The technical objection is that the proposed construction is in violation of the mentioned provisions of the Zoning Act. The house is to be constructed at the easterly end of the lot at the point where the Westervelt avenue line swells out in its approach to the east line of the lot. The house faces Westervelt avenue. That puts the house slightly on the bias with reference to Knickerbocker Road—distant 108 feet—and with reference to the north and east lines. One corner extends within ten feet six inches of the north line; another corner

is thirty feet six inches distant from the east line. The plan further marks the east line as the rear line, the owner having so elected. If the east line is in fact the rear line, then the ordinance requirement of thirty feet has been complied with; but if the north line is the rear line, then there is a serious violation of the ordinance provision. If the east line is the rear line, then it would seem that the west line should be the front line. But the east side of the house has no entrance— no "back door"—and the west side is a blank wall against which apparently it is designed to construct a garage. So, adopting the terminology given by the builder, the rear of the house has no entrance and the front of the house has neither entrance nor window; but the part of the house which ordinarily would be called "front" is the "side," and that which ordinarily would be called "back" is another "side." May the owner elect to designate as "rear" that which by physical treatment of the property he makes the "side?"

Without undertaking to solve the apparent paradox at this stage of the proceedings, we conclude that an arguable question is presented and that a writ of *certiorari* should issue.