A. RAYMOND TRAVIS, JR., TRADING AS AMERICAN DRILL-ING COMPANY, AND JAMES KINLIN AND GRACE RAY-MOND, PROSECUTORS, v. BOROUGH OF HIGHLANDS, A MUNICIPAL CORPORATION, AND LAYNE-NEW YORK CORPORATION, INC., A BODY CORPORATE, DEFEND-ANTS.

Submitted August 18, 1947—Decided September 27, 1947.

For the prosecutors, *Ward Kremer.*

For the defendant Borough of Highlands, *Roberts, Pills-bury, Carton & Sorenson* (by *John Pillsbury*).

For the defendant Layne-New York Corporation, Inc., *Parsons, Labrecque, Canzona & Combs* (by *Theodore D. Parsons*).

BURLING, J. In this matter a rule to show cause was allowed why a writ of *certiorari* should not issue to review an award by the Borough of Highlands, a municipal corporation in Monmouth County, of a contract for the construction of a water plant. On April 1st, 1947, the mayor and council of the borough adopted a resolution awarding a contract to the defendant Layne-New York Corporation, Inc., on a bid of $69,200. One of the prosecutors, A. Raymond Travis, Jr., trading as the American Drilling Company, had submitted a bid of $58,347, which was $10,853 lower than the Layne-

New York bid. However, the Travis bid required the instal-lation of an additional sedimentation tank at an additional cost of $3,000. If this cost is added to the Travis bid, it would have been $61,347.

The municipal action is attacked by the unsuccessful bidder, Travis, and by the remaining prosecutors who are citizens and taxpayers. Depositions have been taken pursuant to the terms of the rule to show cause. Oral argument was made and extensive briefs have been submitted. The letting is attacked on the following grounds:

1. That the advertisement inviting bids was not published in accordance with the statute (R. S. 40:50–1 and 4).

2. That the borough failed to secure the approval of its plans and specifications by the State Board of Health, which was a violation of the statute. (R. S. 58:11–3.)

3. That under the statute (R. S. 40:50–1) it was the duty of the governing body to award the contract to the lowest responsible bidder.

4. That the municipal governing body was guilty of bad faith in the award of the contract to the Layne-New York Corporation, Inc. The specifications were so framed as to limit the bidding to one bidder.

As far as Travis is concerned, the crux of the controversy is his persistent attempt to usurp the municipal governing body's function. The gist of his complaint is that the judgment of the elected representatives of the people was bad in adopting a closed system for purification of the water instead of the open method which includes aeration. If in the exercise of this discretion, their judgment was bad, they are answerable to those whom they govern. The evidence shows the governing body arrived at its decision after an exploration of the merits of the two systems under the guidance of their engineer. Over 600 pages of testimony were taken upon this rule. An analysis of this voluminous testimony reveals there are points in favor of each system.

In the absence of a clear showing of bad faith, the court will not substitute its judgment on an administrative matter concerning the affairs of municipal government clearly within its province. *Kingston Bituminous Products Co.* v. *Long*

*Branch* (*Supreme Court,* 1940), 124 *N. J. L.* 472 (at *p.* 475).

He has no standing because as a bidder he did not comply with the specifications which called for a closed system, but rather in his submission and offer stated "I again offer the atmospheric type of aeration by means of coke trays" contrary to the invitation.

As far as the remaining prosecutors, James Kinlin and Grace Raymond are concerned, as taxpayers their status is different (*McCarty* v. *Boulevard Commissioners of Hudson County* (*Supreme Court,* 1917), 91 *N. J. L.* 137 (at *p.* 143)) and the subject will be required to be pursued further.

Was the discretion vested in the governing body abused by rigging the specifications for a closed system so as to permit only the defendant Layne-New York Corporation to bid? This does not appear to be so.

The principal objection was addressed to the type of strainer, tank size, compressor, filter media and screen, as described in the specifications as fitting only a product of the Layne-New York Corporation. Even assuming this to be so, evidence of good faith is found in the inclusion of an alternate invitation for bids upon a closed system based on the work to be done in all its essential features but removing the stringency complained of. The testimony divulged the fact that equipment for a closed system could be obtained elsewhere than from the Layne-New York Corporation.

Further the point is made that the notice of invitation for bids was not properly advertised as required by *R. S.* 40:50–1 and 4. It was advertised in the *Highland Star,* a newspaper officially designated by the defendant Borough of Highlands on January 2d, 1947 (*R. S.* 40:53–1 and 2). It was not, however, advertised ten days in advance of the date of the reception of bids (March 28th, 1947) but rather by error on March 20th, 1947, and again on March 27th, 1947. The *Highland Star* is a weekly publication and March 20th, 1947, was the weekly publication date for the week of March 17th, 1947, and accounts for the failure to strictly comply with the statute. It was also advertised in *The Daily Record* of Long Branch, on March 18th, 1947, which publication is circulated

in the entire county. There was a substantial compliance with the requirements of the statute, and Travis is not in a position to raise this question. *McGovern* v. *Trenton (Supreme Court*, 1897), 60 *N. J. L.* 402. It was not shown that any bidder was prevented from bidding on this account.

The remaining point is that the borough failed to secure the approval of its plan and specifications by the State Board of Health, contrary to law.

The pertinent statute reads as follows:

"58:11–3. Approval of plans of water purification plants. No plant for the purification of water intended for potable use shall be *constructed or operated* until detailed plans and specifications thereof shall have been submitted to and approved by the department." (Italics supplied.)

In view of the opportunity afforded in the alternative invitation to bid hereinbefore referred to and of the possible receipt of the same and the incident and prerequisite determination of the governing body, such an application was deferred. Before the construction of the plant is begun, the borough must submit and obtain an approval of the plans and specifications. The Court of Errors and Appeals commented upon a comparable situation in *Mueller* v. *Boulevard Commissioners of Hudson County et al. (Court of Errors and Appeals*, 1915), 87 *N. J. L.* 702. In that case, the commissioners awarded a contract for paving. The statute provided that the work could not be begun until the bonds had been sold and the funds raised for the work. The commissioners advertised for bids and awarded the contract. The award was challenged because the bonds had not been sold. The court unanimously affirmed Mr. Justice Swayze who held the award of the contract was valid and that what was forbidden was the prosecution of the work until the bonds had been sold.

There is not presented a fairly debatable and arguable question under the circumstances of the case.

Further as to all parties, in cases of this kind the court must look carefully into the question of laches. The attack must be reasonably prompt. A writ of *certiorari* is discretionary and it should be sparingly exercised, where it seems

clear that the public work is of prime and immediate interest to a large number of persons. There is no doubt that time is of the essence in the procurement of more adequate municipal water service for the defendant Borough of Highlands. The bids were received on March 28th, 1947, and the award was made on April 1st, 1947. The prosecutors stood by without contesting the municipal action until May 23d, 1947. However, since said date, all attorneys have been diligent and industrious in the prosecution of this matter and it has involved the marshalling of witnesses, exhibits and the taking of depositions forming a record of over 600 pages of testimony, together with extensive briefs which have been of aid to the court in the disposition of this matter, but the prosecutors' failure to apply for the instant writ at an earlier day is unreasonable. The applicants did not move with that reasonable diligence to which they were impelled by known events and laches exists.

The rule to show cause is discharged and the issuance of the writ is denied.