This is a civil action, brought pursuant to the provisions ofRule 3:81-2, which rule prescribes the procedure for obtaining review, hearing and relief heretofore available by means of prerogative writs. This action, which is for the alleged usurpation of a municipal office, would have been by way of information in the nature of a quo warranto under the practice in effect prior to the adoption of the Constitution of 1947. Although the procedure has been changed by Rule 3:81, the substantive law remains the same and it is provided by R.S.
2:80-5 that all statutory references to the various prerogative writs shall be deemed to refer to the procedure in lieu of prerogative writs, provided for by the rules of the Supreme Court. Both defendant and plaintiff moved for summary judgment, and upon the hearing of said motions, counsel agreed to submit the case on the pleadings and the record as it stood, without the taking of any testimony. *Page 592 
An election was held on May 10, 1949, in the City of Millville, Cumberland County, to choose five City Commissioners under the provisions of the Commission Government Act (R.S. 40:75). In said election defendant, Simon M. Cherivtch, received the highest number of votes and plaintiff, Richard B. Zimmerman, received the sixth highest number of votes. It is plaintiff's contention that defendant was not an eligible candidate for public office, and, therefore, defendant was not legally elected, and plaintiff was one of the five legally elected City Commissioners. In disputing defendant's right to hold the said office plaintiff relies onR.S. 19:4-1 and R.S. 10:1-1.
R.S. 19:4-1 as amended L. 1948, c. 438, p. 1693, par.
3, provides in part:
"No person shall have the right of suffrage * * *
"(2) Who has been convicted of any of the following designated crimes, that is to say * * * larceny of above the value of six dollars, * * * unless pardoned or restored by law to the right of suffrage * * *."
The pertinent language of R.S. 10:1-1 provides:
"The right of citizens of this state to hold office or employment shall be coextensive with their right to vote * * *."
It appears of record that on March 8, 1935, before a Justice of the Peace of Cumberland County, one Samuel Cherivtch pleaded guilty to a charge that he did "feloniously steal, take and carry away the sum of 16 chickens valued at $15.00" and that the said Samuel Cherivtch was thereupon found guilty as charged. The defendant herein, Simon M. Cherivtch, admits that he was once known as Samuel Cherivtch and that he is the Samuel Cherivtch who was convicted of stealing fowl on March 8, 1935, as hereinbefore stated. Although defendant contends that the offense of which he was found guilty is a substantive offense created by R.S.
2:145-7 and does not constitute larceny so as to disenfranchise him and render him ineligible for public office, it is not necessary to decide that question here. Nor is it necessary to here decide *Page 593 
whether plaintiff has any right to the office in issue, the proof of which right would seem to be required by R.S. 2:84-7 and cases decided thereunder as an essential element of plaintiff's case.
The provisions of R.S. 2:80-7 are dispositive of this case:
"No proceedings for review, hearing and relief in lieu of prerogative writs shall be commenced, unless it shall be commenced within thirty days of the accrual of the right to such review, hearing or relief, except as provided in any other law or by Rules of the Supreme Court. L. 1948, c. 381, p. 1562, § 1."
This action was instituted by the plaintiff on June 30, 1949. It appears from the record before this court that the right to relief, assuming such right existed, accrued on May 10, 1949, the date of the election. Plaintiff in his complaint alleges that he did not know and in the exercise of due and reasonable diligence could not have known that defendant, Simon M. Cherivtch, was the Samuel Cherivtch convicted as aforesaid in 1935 at Bridgeton, New Jersey, until June 17, 1949, on which date plaintiff alleges that he read in the local press an admission by the defendant in the U.S. District Court, in Camden on June 16, 1949, that he was the said Samuel Cherivtch. Plaintiff contends that his right to seek relief accrued from the date he had knowledge of defendant's said conviction and not before, and that, therefore, since he had no knowledge until June 17, 1949, this action was instituted within the time limited by R.S. 2:80-7.
The rule is generally established that mere ignorance of the existence of a cause of action or of the facts which constitute a cause of action will not prevent the running of a statute of limitations or postpone the commencement of the period of limitation. 54 C.J.S., Limitations of Actions, § 205; 34 Am.Jur., Limitation of Actions, § 230. This rule is given recognition in Weinstein v. Blanchard, 109 N.J.L. 332,162 A. 601, and the cases and authorities cited therein.
Although mere lack of knowledge will not bar the running of a statute of limitations, it is nevertheless true that where there is a fraudulent concealment of a cause of action or where the gist of an action is fraud which is concealed from *Page 594 
the plaintiff, then it has frequently been held, particularly in equity, that the period of limitation will not commence until the discovery of the wrong or of facts which reasonably put one on inquiry. It may well be doubted, however, that defendant's conduct in the instant case, as disclosed by the record before the court, amounted either to fraud or to fraudulent concealment. The record reveals that the defendant, Simon M. Cherivtch, was once known as Samuel Cherivtch, the reason for which is neither alleged nor disclosed; that under the latter name he was convicted of stealing fowl of the value of $15 on March 8, 1935; that he offered himself as a candidate for City Commissioner of the City of Millville in an election held May 10, 1949, and on receiving the highest number of votes in the said election he was elected to that office; and finally that on June 16, 1949, defendant admitted in the U.S. District Court in Camden that he had been convicted of the said theft of fowl under the name of Samuel Cherivtch.
Even assuming that the aforesaid conduct of defendant amounted to fraud or fraudulent concealment, however, an affirmative showing by the plaintiff that such fraud or fraudulent concealment had in fact been effective in deceiving the plaintiff and keeping from him the knowledge that he had the alleged cause of action against the defendant, would be required before any equitable exemption could be engrafted upon the statute in the face of its plain language. The allegation in plaintiff's complaint that plaintiff did not know and by the exercise of due and reasonable diligence could not have known of defendant's conviction prior to June 17, 1949, is not supported by any proofs in the record before this court, and is of itself insufficient since said allegation is not admitted in defendant's answer which leaves plaintiff to his proof in this regard.
Plaintiff also cites Rule 1:7-9 in seeking a relaxation of the period of limitation of R.S. 2:80-7 on the ground that strict adherence to the said statute will work surprise or injustice. To this it must be answered that Rule 1:7-9 provides for the relaxation of the rules of the court under special circumstances, *Page 595 
and does not refer to any relaxation of statutorily prescribed procedural limitations. Moreover even if plaintiff's broad interpretation of the rule were to be accepted, here, too, affirmative proof by the plaintiff of lack of knowledge of the alleged cause of action would be necessary, in order to make manifest to the court that strict adherence to the statute would work surprise and injustice to the plaintiff.
The determination of the question above dealt with renders it unnecessary to deal with the other questions raised.
Judgment will be entered in favor of defendant.