64 N.J. Super. 90 (1960)
165 A.2d 524
WILLIAM R. OLSEN, JR. AND MARY OLSEN, ET ALS., PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF FAIR HAVEN, ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1960.
Decided November 28, 1960.
*92 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Milton Kosene argued the cause for plaintiffs-appellants.
Mr. William R. Blair, Jr., argued the cause for defendants-respondents Borough of Fair Haven and Thomas Carlock, Building Inspector of the Borough of Fair Haven (Messrs. Parsons, Labrecque, Canzona & Blair, attorneys).
Mr. Robert V. Carton argued the cause for defendants-respondents Allen Brothers, Inc. and Ronald Allen (Messrs. Durand, Ivins & Carton, attorneys; Mr. Louis P. Introcaso, on the brief).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This action in lieu of prerogative writ sought to have declared void a building permit issued to defendants Allen Brothers, Inc. and Ronald Allen by the building inspector of the borough of Fair Haven. At the trial, at the conclusion of plaintiffs' case, the trial judge granted defendants' motion for an involuntary dismissal, on the grounds that plaintiffs' suit was not commenced within time under R.R. 4:88-15 and was barred by laches. Plaintiffs appeal.
The case has the following background. Ronald Allen is the owner of a tract of land situate in Fair Haven, bounded on the north by River Road, on the south by Forman Avenue, *93 on the west by Smith Street, and on the east by abutting property. Sometime prior to October 1958 a shopping center was erected on said premises. On October 20, 1958 defendant Ronald Allen applied for and was granted a permit to build an "Accessory Building" on a portion of said property. The application lists defendant Allen Brothers, Inc., as the proposed builder. At that time, under the then zoning ordinance of Fair Haven, the tract in question was zoned in part for residential use and in part for business use. The application, however, and the permit issued thereunder, only covered that portion of the tract within the business zone, the size of which was given as 305 feet on River Road, a rear line of 455 feet, and a depth of 292 feet. The proposed building was to be constructed on the westerly or Smith Street side of the lot and was to be a one-story structure 172 feet wide and 75 feet deep, housing five stores.
On May 25, 1959 the borough adopted a "Revised Building Zone Ordinance" which placed the entire block in which the tract in question is located in a business zone, and changed many of the provisions governing the location, erection, alteration and use of buildings within the borough. The revision also provided that it repealed the old building zone ordinance and that upon the effective date of the new ordinance "if any building is under the process of construction or alteration and is completed within six (6) months thereafter in a manner or for a purpose which does not conform with the requirements of this ordinance but is not prohibited by the ordinances of which this is a revision * * * such construction or alteration may be completed * * *."
On July 20, 1959 defendant Allen Brothers, Inc. began work under the October 1958 building permit. Two suits were then commenced, both of which sought to prevent the construction of the building. The first was filed on August 19, 1959, by Michael Nannini a resident and taxpayer in the borough who obtained an order to show cause why construction *94 should not be enjoined. The second was commenced on August 25, 1959, by William R. Olsen, Jr. and sixteen other plaintiffs, all of whom were property owners in the borough within the immediate vicinity of the tract in question, and some of whom lived directly across the street from defendants' proposed building. Thereafter the two suits were consolidated for trial and an ad interim restraint against further construction granted. Photographs marked in evidence at the trial indicate that at the time the suits were commenced the footings for the building were in and the rear wall, consisting of cement block with a brick facing, was in the process of construction.
At the trial plaintiffs' contentions were that the building permit was void because it had been issued in violation of the then existing building zone ordinance and that, in any event, the permit had been rendered void by the 1959 ordinance.
Originally plaintiffs rested their case on the pleadings, the pretrial order and exhibits, but when the court advised counsel that it was not in a position to decide the issues of laches and the effect of R.R. 4:88-15 without hearing from the plaintiffs, plaintiffs' case was reopened and Michael Nannini, the original plaintiff, was called as a witness. He testified that he learned of the permit shortly after it was issued, and upon inquiry, was told by the building inspector that the proposed building would be in the business zone. Nannini also testified that, being uncertain as to the location of the proposed building on the tract, he inquired about the plans and specifications and was told that they were available for examination at the building inspector's home. Nannini said that he did not attempt to look at the plans because on May 25, 1959 the new ordinance was adopted. When he saw the trenches for the building being dug in late July or early August of 1959 he consulted counsel, and on or about August 11 or 12 authorized the institution of suit. None of the plaintiffs in the Olsen suit testified, and all plaintiffs thereupon again rested.
*95 In dismissing the consolidated actions at the close of plaintiffs' case, the trial judge ruled that plaintiffs were guilty of laches, but he did not specify what facts led him to that conclusion. He also held that plaintiffs were out of time under R.R. 4:88-15 since they had not commenced suit within forty-five days of the granting of the permit. The court was unable to find any circumstances justifying the enlargement of the forty-five day period as permitted by section (c) of the rule. The ruling made no reference to plaintiffs' alternative contention that the enactment of the revised ordinance on May 25, 1959 had voided the building permit. William F. Olsen, Jr. and his sixteen co-plaintiffs have appealed the dismissal of their action. Michael Nannini, the plaintiff in the companion case, has not joined in the appeal.
We find that the trial court properly dismissed plaintiffs' action insofar as it challenged the original issuance of the permit. Plaintiffs sought to directly attack the granting of the permit some ten months after the building inspector had issued it. The plaintiffs presented no proof as to when they first learned of the permit or why they waited until August 1959 to attack its issuance. This type of action is governed by R.R. 4:88-15 and must be commenced within forty-five days of the accrual of the cause of action unless the court enlarges the period of time specified. Ordinarily this would mean that the forty-five day period would begin to run from the date of the issuance of the permit although, prior to the adoption in 1957 of paragraph (c) of the rule, it had been suggested that a plaintiff's ignorance of the granting of the permit might toll the running of the forty-five day period. Cf. Marini v. Borough of Wanaque, 37 N.J. Super. 32, at pp. 38, 39 (App. Div. 1955). In any event the rule now provides in paragraph (c) that the court may enlarge the period of time specified where it is manifest that the interests of justice require. Plaintiffs, however, presented nothing to the trial court to explain the ten month interval between the granting of the permit and *96 the filing of suit or to justify the enlargement of the forty-five day period. The fact that building operations under the permit were not commenced until July 20, 1959, of itself, was not a sufficient reason. Donovan v. Gabriel and Gruber, 57 N.J. Super. 542 (App. Div. 1959). On the case presented, plaintiffs were barred by the provisions of R.R. 4:88-15 from attacking the original issuance of the permit.
Plaintiffs next contend that all permits issued under the earlier ordinance automatically were cancelled by the repeal of that ordinance even though the construction called for by the permits conformed with the new ordinance. We disagree. The 1959 ordinance provided that upon the effective date of the new ordinance, a building which was "under the process of construction or alteration and is completed within six (6) months thereafter" could be completed even though it did not conform with the requirements of the new ordinance. While the foregoing provision is not a model of clarity, we interpret it to mean that only those building permits issued under the old ordinance which did not conform with the requirements of the new ordinance were rendered void and unusable by the adoption of the new ordinance, unless the building was under the process of construction at the time and could have been completed within six months thereafter.
Finally plaintiffs urge that the permit had been rendered void by the enactment in 1959 of the "Revised Building Zone Ordinance" since the permit did not conform with the requirements of the new ordinance. The trial judge dismissed plaintiffs' action without determining whether the proposed construction was indeed contrary to the 1959 ordinance. We find this to be error for the following reasons.
Concerning this issue plaintiffs were not shown to be in laches or out of time by virtue of R.R. 4:88-15 as a matter of law. If, as plaintiffs contend, the proposed construction was contrary to the revised ordinance, plaintiffs had the right to assume that the permit would not be used. Therefore *97 it was only when plaintiffs knew or should have known that these defendants were about to commence construction in spite of the 1959 ordinance that they were obliged to take action. There is nothing in the record to show that plaintiffs knew or should have known this before actual construction was commenced on July 20, 1959. The present suit seeking to have the permit declared void was filed on August 25, 1959, and this appears to be within the time fixed by R.R. 4:88-15. The complaint herein is a lengthy and detailed document which obviously took considerable time to prepare. It is manifest that plaintiffs consulted counsel and authorized the bringing of this suit sometime prior to the August 25th filing date. Under these circumstances it would appear also that plaintiffs were not in laches.
On this appeal plaintiffs argue that the record proves the 1959 ordinance outlawed the proposed building. They contend that although the building is designated in the permit as an "Accessory Building" it is in fact a principal building and does not conform with the requirements of the new ordinance in many particulars. Defendants, while admitting that no work was begun under the building permit of October 20, 1958 until July 20, 1959, contend that the building conforms with the 1959 ordinance. The trial court however made no findings as to this question, the defendants have had no opportunity to introduce evidence thereon, and the record is not of such clarity that we could make appropriate findings. Furthermore, defendants Allen Brothers, Inc. and Ronald Allen claim that they have a vested interest in the building permit which may not be revoked in the absence of fraud. This defense, however, rests on proofs which these defendants have not yet submitted to the trial court and can be considered only after a plenary hearing.
For the foregoing reasons the judgment, insofar as it dismisses plaintiffs' entire action, is reversed, and the case is remanded for a new trial on plaintiffs' complaint that the original building permit was voided by the 1959 ordinance *98 If the trial court finds that plaintiffs are not barred by laches or by R.R. 4:88-15 as to this issue, it should then determine the merits thereof.
Reversed and remanded for proceedings in conformity with this opinion, costs to abide the result.