**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3736-23

STEVEN SCHULZ,

     Plaintiff-Appellant/
     Cross-Respondent,

v.

THE BOROUGH OF WEST
LONG BRANCH and JAMES
MILLER, in his official
capacity as zoning official,

     Defendants-Respondents,

and

ANDREW FRANK,
INDIVIDUALLY,

     Defendant-Respondent/
     Cross-Appellant.

_____

     Argued October 23, 2025 – Decided January 12, 2026

     Before Judges Mawla, Marczyk, and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3272-23.

Dennis M. Galvin (The Galvin Law Firm) argued the cause for appellant/cross-respondent.

Gregory S. Baxter argued the cause for respondents The Borough of West Long Branch and James Miller (Caruso & Baxter, PA, attorneys; Gregory S. Baxter, on the brief).

Anthony J. D'Artiglio argued the cause for respondent/cross-appellant (Ansell Grimm & Aaron, PC, attorneys; Anthony J. D'Artiglio and Brian J. Ashnault, on the briefs).

PER CURIAM

The parties appeal from three court orders entered in connection with a land use dispute concerning the issuance of four building and zoning permits. Plaintiff Steven Schulz appeals from the May 24, 2024 order dismissing his complaint pursuant to Rule 4:6-2(e), as well as the July 5, 2024 order denying his motion for reconsideration. Defendant Andrew Frank cross appeals from the July 5, 2024 order denying his motion for sanctions pursuant to Rule 1:4-8. We affirm all orders of the trial court.

A-3736-23

I.

Schulz and Frank own single-family homes on the same street in a R-22 low density residential zone in West Long Branch. Schulz's property is "L" shaped and touches the rear of Frank's property.

Between 2010 and 2023, Frank obtained four permits from defendant Borough of West Long Branch (Borough) for various improvements to his property. Specifically, he obtained:

- Permit #2010-028 for the removal of the "old wooden wall inground pool and [the] install [of a] new steel wall pool and steps in the same location and the same size as the old pool."

- Permit #2011-097 to "replace an existing rear patio, front porch and driveway all the same size and in the same location as the existing."

- Permit #2022-41 to add a "[second] story addition to [a] single family home, expand paver patio, relocate bilco door, demo chimney, [and] interior renovations" as per [the] attached architectural plans.

- Permit #2023-164 to remove the "existing pool coping patio and house patio/steps and wooden deck" and install a "revised pool coping, pool patio, small garden walls with pillars[,] . . . built kitchen BBQ area[, and] . . . gas fire pit."

From 2020 through 2023, Schulz lodged repeated complaints with the Borough, stating: the #2010-028 permit violated both the permissible

3

percentage of accessory structures and the maximum impervious coverage set forth by the Borough; the rear patio exceeded the scope of permit #2011-097 and the Borough Zoning Official James Miller failed to enforce the zoning ordinance regarding the nonconforming patio; #2022-41 included multiple violations of land use requirements, which Miller had no authority to issue the required variances; and #2023-164 violated the code for impervious coverage and required a variance.

In August 2023, Schulz engaged an engineering firm to review the construction and zoning documents Frank had filed since 2010. The engineering firm's report identified a series of violations committed by Frank. Acting on the firm's opinion, Schulz requested the Zoning Board review these violations. Instead, the Borough issued a notice of violation for the fence sometime in August 2023, but it did not take any other action beyond this notice.

Schulz also made other complaints against Frank concerning a prohibited fence on the property, an alleged grass clipping fire hazard, a garbage can and boat. Both Schulz and Frank filed multiple police reports against each other. Schulz reported grass clippings on Frank's property posed a fire hazard and his tree branches were cut too short by Frank, and "ongoing code violations that Frank has around his property." Frank presented video evidence to the police

4

of Schulz trespassing on his property and placing wood logs under Frank's vehicle.

Schulz filed a four-count complaint for: a writ of mandamus against Miller and Frank; an enforcement action pursuant to N.J.S.A. 40:55D-18 of the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -136; a violation of his substantive due process rights under the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-1 to -2; and an enforcement claim under Borough Code § 18-9.1 and § 18-12 against Miller and Frank. The complaint sought Zoning Board review of the four permits issued to Frank, to compel compliance with the Borough's zoning ordinances or file a land use application with the Zoning Board, and attorney's fees and costs.

Frank moved to dismiss the complaint under Rule 4:6-2(e). Shortly thereafter, the Borough and Miller joined Frank and also moved to dismiss the complaint.

Following a hearing, on May 24, 2023, the trial court entered an order granting both defendants' motions to dismiss. In a thorough oral decision, the court determined Schulz failed to exhaust his administrative remedies as to each of the alleged counts. The court explained, with respect to the writ of mandamus, Schulz did not appeal to the Zoning Board pursuant to N.J.S.A.

5                                                      A-3736-23

40:55D-70(a) within twenty days as prescribed by N.J.S.A. 40:55D-72(a). The enforcement actions brought under both N.J.S.A. 40:55D-18 and the Borough Codes were also barred by laches. In regard to the substantive due process claim, Schulz's allegations about Miller and the Borough's actions of failing to enforce the zoning ordinances did not rise to a level that "shock[ed] the conscience" of the court. Accordingly, Schulz's complaint was dismissed for the failure to state a claim.

Thereafter, on July 5, 2024, the court entered two memorializing orders. It denied Schulz's motion for reconsideration, finding no basis to reconsider its prior ruling Schulz failed to exhaust administrative remedies because he had not met the standard for reconsideration.

The court also rejected Schulz's argument—which was raised for the first time—laches should not be permitted as a defense to the enforcement of municipal ordinances when it would frustrate the enforcement of a valid zoning regulation. In reaching its decision, the court noted Schulz failed to acknowledge defendants' arguments regarding laches in the initial motion and improperly asserted the contention in his motion for reconsideration.[1]

---

[1] The trial court's statement of reasons mistakenly states: "[p]laintiff failed to even acknowledge [p]laintiff's arguments regarding laches in the previous [m]otion."

A-3736-23

The court also denied Frank's motion for sanctions against Schulz. It explained Schulz's complaint was "brought based upon his long-standing position regarding issued permits and based upon his understanding of the law," finding the complaint was not frivolous.

II.

On appeal, Schulz argues the court erred by dismissing his complaint as untimely and with prejudice. He next argues the court's opinion was flawed because it accepted the "false premises" asserted by defendants. Finally, Shulz argues for the first time, this case presents a question of general public importance regarding the application of N.J.S.A. 40:55D-18.

We review orders granting a motion to dismiss for failure to state a claim under Rule 4:6-2(e) de novo. Pace v. Hamilton Cove, 258 N.J. 82, 95-96 (2024). Such review is "limited to examining the legal sufficiency of the facts alleged on the face of the complaint," and, in determining whether dismissal under Rule 4:6-2(e) was warranted, the court should not concern itself with the plaintiff's ability to prove their allegations. Est. of Campbell v. Woodcliff Health & Rehab. Ctr., 479 N.J. Super. 64, 70-71 (App. Div. 2024) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). In doing so, we "giv[e] the plaintiff the benefit of 'every reasonable inference of fact.'" Baskin

7

v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). "[W]e must search the complaint thoroughly and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Robey v. SPARC Grp. LLC, 256 N.J. 541, 554 (2024) (quoting Baskin, 246 N.J. at 171) (internal quotation marks omitted).

"Nevertheless, 'if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed.'" Pace, 258 N.J. at 96 (quoting Dimitrakopoulos, 237 N.J. at 107). Thus, a motion to dismiss is only granted in the "rarest of instances." Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005) (quoting Printing-Mart Morristown, 116 N.J. at 771-72).

III.

We first address Schulz's argument his prerogative writs complaint was timely, regardless of when permits were issued. He specifically argues the enforcement mechanism under N.J.S.A. 40:55D-18 is "evergreen" and does not impose a statute of limitations. As such, the twenty-day timeframe set forth in N.J.S.A. 40:55D-72 and the forty-five-day timeframe under Rule 4:69-6 are not

applicable to actions brought to enforce municipal zoning ordinances. We reject Schulz's arguments.

The MLUL provides Schulz, as an interested party "who is affected 'by the grant of a . . . permit that . . . violates the zoning ordinance,'" with one of two avenues for administrative relief before the municipal Zoning Board. Harz v. Borough of Spring Lake, 234 N.J. 317, 321-22 (2018) (quoting Cox et al., New Jersey Zoning & Land Use Administration § 26-1.1 (2018)). It is well established N.J.S.A. 40:55D-70(a) empowers a zoning board of adjustment "to . . . [h]ear and decide appeals where it is alleged by the appellant that there is error in any . . . decision or refusal made by an administrative officer based on or made in the enforcement of the zoning ordinance."

Schulz could have sought enforcement by the appropriate administrative officer or appeal to the Zoning Board if the officer refuses or fails to take action, or Schutz is dissatisfied with a determination made under N.J.S.A. 40:55D-72(a). That statute provides "[a]ppeals to the board of adjustment may be taken by any interested party" and "[s]uch appeal shall be taken within [twenty] days by filing a notice of appeal with the officer from whom the appeal is taken specifying the grounds of such an appeal." N.J.S.A. 40:55D-72(a).

Schulz had twenty days from the issuance of each of the four permits to appeal to the Zoning Board. He did not. Even if he had discovered the actions beyond the limitation period, Schulz's time to appeal began to run from the date he knew or should have known of the issuance of each permit. Sitkowski v. Zoning Bd. of Adj., 238 N.J. Super. 255, 260 (App. Div. 1990).

Alternatively, Shulz could have obtained injunctive relief under N.J.S.A. 40:55D-18 against Frank as the owner of property with nonconforming structures or uses under the Borough ordinances. That statute provides that a "governing body of a municipality shall enforce . . . any ordinance" if "any building, structure[,] or land is used in violation of . . . any ordinance." N.J.S.A. 40:55D-18. The record shows he did not timely pursue "the most direct course" against Frank without appealing to the Zoning Board. Cox & Koenig, § 7-2.2.

Lastly, Schulz, as any citizen with an interest in maintaining the zone plan, may seek relief in an action in lieu of prerogative writs to compel the municipality to enforce its zoning ordinance. R. 4:69-6(a). An action in lieu of prerogative writs must be filed within forty-five days of the accrual of the right to the relief claimed. Id. While the Rule does not expressly define when rights "accrue," we have noted, "[i]n most circumstances, 'a cause of action is deemed to accrue when facts exist which authorize one party to maintain an action

against another.'" Mullen v. Ippolito Corp., 428 N.J. Super. 85, 105 (App. Div. 2012) (quoting Marini v. Borough of Wanaque, 37 N.J. Super. 32, 38 (App. Div. 1955)).

Governed by these standards, we have no reason to disturb the trial court's order. Schulz filed his complaint on October 17, 2023, 184 days after the last permit was issued on April 18, 2023. Courts may enlarge the time only "where it is manifest that the interest of justice so requires." R. 4:69-6(c). Contrary to Schulz's contentions, his complaint does not implicate any of the "three traditional types of challenges: 'important and novel constitutional questions;' 'informal or ex parte determinations of legal questions by administrative officials;' and 'important public rather than private interests which require adjudication or clarification.'" Hopewell Valley Citizens' Grp. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 579-80 (2011) (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975)).

The failure to timely appeal each of the permits or timely file an action in lieu prerogative writs rendered the complaint under review fatally defective. We are satisfied the trial court properly exercised its discretion in not enlarging the time to file the complaint and properly dismissed Schulz's complaint as untimely. The record convinces us that Schulz unreasonably delayed in

asserting his claims in an action in lieu of prerogative writs and that laches barred his claim for injunctive relief against defendants. See Hopewell Valley Citizens' Grp., 204 N.J. at 578-85 (echoing prior caselaw that the time limitation in Rule 4:69-6 was aimed at those who have slumbered on their rights); Marini, 37 N.J. Super. at 35-36 (affirming dismissal of an action in lieu of prerogative writs "and for incidental injunctive relief," on the basis of "limitations and laches").

We next address Schulz's argument the court erred in ruling he failed to exhaust his administrative remedies for a writ of mandamus. A writ of mandamus is an order given to "a government official that commands the performance of a specific ministerial act or duty, or compels the exercise of a discretionary function, but does not seek to interfere with or control the mode and manner of its exercise or to influence or direct a particular result." In re Council on Affordable Hous. by Murphy, 477 N.J. Super. 576, 591 (App. Div. 2024) (quoting In re Resol. of State Comm'n of Investigation, 108 N.J. 35, 45 n.7 (1987) (internal quotation marks omitted)). Mandamus provides a remedy for official inaction by ordering government officials to perform ministerial duties. Ibid.; Selobyt v. Keough-Dwyer Corr. Facility of Sussex Cnty., 375 N.J.

Super. 91, 96 (App. Div. 2005). This action must be commenced no later than forty-five days after the right to the relief claimed arises. R. 4:69-6(a).

Schulz is required to show:

> (1) . . . that there has been a clear violation of a zoning ordinance that has especially affected the plaintiff; (2) a failure of appropriate action despite the matter having been duly and sufficiently brought to the attention of the supervising official charged with the public duty of executing the ordinance; and (3) the unavailability of other adequate and realistic forms of relief.
>
> [Mullen, 428 N.J. Super. at 103.]

Schulz satisfies only the first two elements. The record shows he made allegations and provided evidence of the perceived zoning ordinance violations, which have allegedly affected him as a nearby neighbor. Second, Schulz reported his complaints with the Borough and the Millers on several occasions.

As to the third element, Schulz did not seek other adequate and realistic forms of relief available to him before filing his prerogative writs complaint. He failed to exhaust his administrative remedies in accordance with N.J.S.A. 40:55D-70(a) within the twenty days permitted by N.J.S.A. 40:55D-72(a). Mullen, 428 N.J. Super. at 103. Nor did he timely seek an injunction against Frank under N.J.S.A. 40:55D-18. Even when seeking mandamus relief, Schulz was required to exhaust the administrative remedies available to him. See

13

Caporusso v. N.J. Dep't of Health & Senior Servs., 434 N.J. Super. 88, 104 (App. Div. 2014); R. 4:69-5.

Schulz's reliance on Mullen is misplaced in light of the applicable law. In Mullen, the plaintiff exhausted his administrative remedies, allowing for mandamus relief, since the dune protection ordinance did not contain a procedure for appeals. 428 N.J. Super. at 104-06. Here, Schulz did not exhaust his administrative remedies under the MLUL. Nevertheless, Schulz's claim is untimely because he failed to file a complaint within the time prescribed by Rule 4:69-6(a).

IV.

Lastly, Schulz contends allowing Miller to issue permits requiring a variance—without referral to the Zoning Board—violated his statutory and constitutional due process rights to notice and a hearing under the CRA, since these matters were never properly presented for Zoning Board review as required by law. Schulz's claim is unavailing.

The CRA, modeled after 42 U.S.C. § 1983, requires the claimant "to identify the state actor, 'the person acting under color of law,' that has caused the alleged deprivation," and to "identify a 'right, privilege[,] or immunity' secured to the claimant by the Constitution or other federal laws of the United

States." Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114-15 (App. Div. 2011) (quoting Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 363 (1996)).  In the context of a land use dispute, a substantive due process claim "requires both governmental misconduct that 'shocks the conscience' and exhaustion of remedies available under our land use law."  Id. at 107.

Accepting all facts in Schulz's complaint as true, he has identified state actors:  the Borough and Miller.  However, Schulz broadly alleges these state actors have deprived him of a protected substantive property interest—specifically, his right to the quiet enjoyment of his home and his ability to seek redress for violations of the municipal zoning code.  The trial court properly determined the alleged failure by the Borough and Miller to enforce the zoning ordinances did not "shock the conscience."  See Filgueiras v. Newark Pub. Schs., 426 N.J. Super. 449, 469 (App. Div. 2012) (emphasizing that "substantive due process is reserved for the most egregious governmental abuses against liberty or property rights" that offend judicial notions of fairness and that are offensive to human dignity (quoting Felicioni v. Admin. Off. of the Cts., 404 N.J. Super. 382, 392 (App. Div. 2008))).  Moreover, Schulz once again did not exhaust the administrative remedies available under the MLUL, as required before seeking

judicial review. Accordingly, we conclude Schulz has failed to assert a cognizable claim of a violation of his substantive due process rights under the CRA.

V.

Schulz renews his argument that a zoning enforcement action is not subject to the statute of limitations, which he argued in his motion for reconsideration. He further contends the court improperly applied the doctrines of laches and estoppel in a zoning context, emphasizing that public policy strongly disfavors nonconforming uses. These arguments lack merit.

Nonetheless, we review the trial court's denial of Frank's motion for reconsideration under Rule 4:49-2 for abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Abuse of discretion occurs when a trial court makes its decision "without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." Kornbleuth v. Westover, 241 N.J. 289, 300-01 (2020) (alterations in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

Based on the record, we discern no abuse of discretion by the trial court. Schulz offers no support for his assertion the trial court's decision rested on a palpably incorrect or irrational basis, nor does he demonstrate the court failed

16

to consider or appreciate evidence regarding the doctrine of laches. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). The court properly reviewed the prior motion record, and Schulz's newly-raised argument did not remedy his failure to respond to the prior motion. See Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466 (App. Div. 2021). Accordingly, the court's denial of reconsideration was a proper exercise of discretion.

VI.

In his cross-appeal, Frank argues the court erred in denying his motion for sanctions. He contends Schulz's "well-documented" complaints constitute a pattern of harassment, which escalated from repeated grievances to the filing of a "frivolous" lawsuit. Frank maintains this litigation was meritless and asserts the court's eventual dismissal of the complaint supports his request for sanctions.

We review a determination regarding an award or denial of sanctions brought pursuant to Rule 1:4-8 under the abuse of discretion standard. United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009); In re Est. of Ehrlich, 427 N.J. Super. 64, 76 (App. Div. 2012). As the trial court found, in making such a determination, the court "may only address whether the litigation before the [c]ourt itself is frivolous" under the Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1, and Rule 1:4-8.

A-3736-23

Pursuant to these principles, the court correctly reasoned Frank failed to establish Schulz acted in bad faith in initiating the lawsuit notwithstanding the ultimate disposition of the case. See Tagayun v. AmeriChoice of N.J., Inc., 446 N.J. Super. 570, 580 (App. Div. 2016) (holding sanctions cannot be imposed for frivolous litigations because "a party is wrong about the law and loses their case"). We discern no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3736-23