156 N.J. Super. 159 (1978)
383 A.2d 725
TOWNSHIP OF EAST HANOVER, A MUNICIPAL CORPORATION IN THE COUNTY OF MORRIS, STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PETER CUVA AND JOANNE S. CUVA, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 1978.
Decided February 3, 1978.
*161 Before Judges MICHELS, PRESSLER and BILDER.
Mr. Albert F. Dalena, attorney for the appellants.
Messrs. Young, Dorsey and Fisher, attorneys for the respondent (Mr. John H. Dorsey on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
Plaintiff Township of East Hanover brought this action in the Chancery Division pursuant to N.J.S.A. 40:55-47[1] seeking to enjoin defendants Peter and Joanne Cuva from using their property for outdoor storage of heavy construction equipment, that use allegedly being in violation of the municipal zoning ordinance. Defendants *162 appeal from the judgment according the township that relief. For the reasons herein set forth, we reverse and remand for plenary trial.
Defendants are the owners of a parcel of land located in the township's Industry I-1 Zone in which the permitted uses are limited to warehouse facilities, finishing and assembling of manufactured and refined articles, the preparation and fabrication of metals and chemicals, research activities and "similar uses not specifically prohibited." In the Fall of 1969 defendants applied to the township's planning board for site plan approval for the erection on the property of a single-story masonry building to house, service and maintain heavy construction equipment. There was not then, nor is there now, any suggestion by the municipal officials or others that the proposed construction garage use itself would be violative of the zoning ordinance. A neighborhood objector appeared at the planning board hearing to express his concern, however, over possible outdoor storage of equipment, and defendants' attorney assured the board that no use of the property would be made in violation of the zoning ordinance. Site plan approval was accordingly granted, a building permit issued, the facility built, and in the Spring of 1972 a certificate of occupancy granted.
Several years later, in December 1974, the township, by its building inspector, signed a municipal court complaint against defendants charging them with violation of the ordinance. The gravamen of the third count of the complaint was that they were using a portion of the property for permanent outdoor storage of construction equipment. The municipal court judge, by written decision dated April 23, 1975, dismissed that count of the complaint on its merits finding, in effect, that defendants' original intention "to park some of [the] equipment outdoors in [the] rear yard" was known to the municipal officials before the necessary permits and certificates were issued and that that use was in any event not in violation of the ordinance. This injunctive action ensued.
*163 Defendants argue first that the injunction action is barred by the doctrines of res judicata, collateral estoppel or double jeopardy, their claim being that the municipal court acquittal of the quasi-criminal ordinance violation precludes any further attempt by the township to seek relief for a violation, if indeed there is one. We disagree. It is well settled that acquittal of criminal or quasi-criminal charges does not have preclusionary consequences in respect of a subsequent civil action based on the same conduct, and this is so even if the parties to both actions are the same. See Helvering v. Mitchell, 303 U.S. 391, 397-399, 58 S.Ct. 630, 82 L.Ed. 917 (1937) (acquittal of income tax evasion charge does not bar subsequent civil suit by the government to recover a tax deficiency alleged in the criminal action). And see, applying this principle in this State, In re Darcy, 114 N.J. Super. 454 (App. Div. 1971) (acquittal of a criminal charge of nonfeasance in office does not bar subsequent Civil Service Commission proceedings based on the same alleged conduct); Kugler v. Banner Pontiac-Buick, Opel, Inc., 120 N.J. Super. 572, 579-580 (Ch. Div. 1972) (the Attorney General is not barred from bringing suit against an alleged violator under the Consumer Fraud Act despite his previous acquittal of disorderly persons charges arising out of the same operative facts); Freudenreich v. Fairview Mayor, etc., 114 N.J.L. 290 (E. & A. 1934) (prior acquittal of police officer of a criminal charge did not bar departmental proceedings against him based on the same allegations). And see In re Pennica, 36 N.J. 401 (1962) (acquittal of a lawyer of a criminal charge does not bar subsequent disciplinary proceedings against him based thereon). This principle has, moreover, been applied in the precise zoning context here involved. See Protokowicz v. Lesofski, 69 N.J. Super. 436, 445 (Ch. Div. 1961). And see Cahill v. Heckel, 87 N.J. Super. 201 (Ch. Div. 1965).
We are satisfied that these holdings are consonant not only with the principle of Helvering v. Mitchell, supra, but also with the specific legislative intention expressed both *164 in N.J.S.A. 40:55-47 and its successor statute, N.J.S.A. 40:55D-18, expressly according municipalities the right to seek injunctive enforcement of their zoning ordinances as a cumulative and additional remedy and not as a remedy exclusive to any other which might be available by resort to the municipal court or otherwise. See Alpine Mayor, etc., v. Brewster, 7 N.J. 42 (1951); Walle v. South Brunswick Tp. Bd. of Adj., 124 N.J. Super. 244, 247 (App. Div. 1973); Allendale Nursing Home, Inc. v. Allendale, 141 N.J. Super. 155, 161 (Law Div. 1976), aff'd 149 N.J. Super. 286 (App. Div. 1977). We note, moreover, that at least in respect of civil actions the preclusionary consequences implicit in the doctrines of res adjudicata and collateral estoppel are generally regarded as not attaching to judgments of courts of limited jurisdiction where, as here, the standard of proof is higher than that applicable to the second suit, the party in the second suit against whom preclusion is urged was, as a matter of law, unable to appeal from the first judgment, and the nature of the remedy available in the second suit in vindication of a public interest is more expansive than that in the first suit. See generally Restatement, Judgments 2d, § 68.1 (Tentative Draft No. 4, 1977).
Finding no procedural bar to the action, we address the merits thereof. In this regard defendants urge that the ordinance does not preclude the use of the property for outdoor storage, and if it does not, the township should be estopped from so claiming. They also claim that an evidential error made by the trial judge in respect of certain photographic exhibits was so prejudicial as to require reversal.
With respect to the ordinance interpretation question, we agree with the trial judge that outdoor heavy equipment storage is not a permitted primary use of the property  it is neither a specifically enumerated use nor a use sufficiently like those enumerated despite the fact that the municipality itself regards such indoor use as sufficiently like. That conclusion, however, is not dispositive of this controversy since as a prima facie matter at least the principal use of the *165 property is the construction garage. Thus the real question here is whether the alleged outdoor storage of equipment and vehicles is by reason of its duration, quantum and nature, merely a permitted accessory use, defined by the ordinance as signs and "such other accessory uses which are clearly incidental to the principal structure and use."[2] To the extent defendants' outdoor use is accessory, it is clearly protected. Any quantum of use beyond that which is fairly deemable as accessory is enjoinable.
The trial judge ordered the injunction of all outdoor use based on its conclusion that that use had become the principal use. That conclusion, and hence the judgment proceeding therefrom, are not sustainable on this record. Regrettably and erroneously, the matter was not tried below in plenary fashion but rather only on briefs, oral arguments and documentary evidence consisting of the applicable ordinances and the record of municipal agency proceedings and the municipal court proceedings. In short, trial proceeded as if the matter before the court were an action in lieu of prerogative writs tried on the record below. This was not such an action. It was an action for an injunction requiring de novo proof in factual support of and in factual defense of the township's present right to that remedy. What rendered the proceedings here particularly egregious, however, was the judge's use of three photographs introducd into evidence subject to a stipulation that the sole purpose of the proffer was the demonstration of the type of equipment on the premises. Those photographs, which we have reviewed, merely depict pieces of construction equipment without any graphic or factual context at all. The trial judge, going far beyond the stipulation limiting the evidential *166 proffer, held that "in light of the photographs which I have before me" the garage had become the accessory use and the outside storage the primary use. That holding was unwarranted both as a matter of law and as a matter of fact. As we have noted, the lack of contextual reference in the photographs precluded the drawing of any conclusions therefrom as to the nature of the use in terms of whether it was accessory or primary. But more significantly, defendants had an absolute right to rely on their stipulation as to the limited purpose for which the photographs were introduced. For the judge to have held them to constitute substantive evidence of an altogether different proposition without affording defendants an opportunity to meet and respond to the inferences drawn therefrom constituted a basic denial of procedural due process. The matter obviously will have to be retried, with the parties ready to proceed with appropriate proofs regarding the actual use which is being made of the property and the extent to which, if at all, the objected to use is a permitted accessory use.
Defendants' final argument appears to be, despite its inartful designation, actually one of estoppel and is apparently based on the issuance of the building permit based on plans showing some contemplated outdoor vehicular use.[3] We assume that they are relying on the principle that a municipality is estopped from revoking a building permit issued in violation of the zoning ordinance where both the applicant *167 therefor and the issuing official acted in good faith, and the issuing official, although acting in error, relied on a reasonably debatable construction of the ordinance. See Jantausch v. Verona, 41 N.J. Super. 89 (Law Div. 1956), aff'd 24 N.J. 326 (1957); Hill v. Eatontown Bd. of Adj., 122 N.J. Super. 156 (App. Div. 1972); Howland v. Freehold, 143 N.J. Super. 484 (App. Div. 1976), certif. den. 72 N.J. 466 (1976). If this is their theory, they may proceed to try to prove it.
In view of the issues here left to be resolved, a supplemental pretrial should be conducted to expedite trial and to limit the scope of the controversy insofar as possible.
We reverse and remand for further proceedings consistent herewith. We do not retain jurisdiction.
NOTES
[1] The essential provisions of N.J.S.A. 40:55-47, repealed in 1976, are now set forth in N.J.S.A. 40:55D-18.
[2] With respect to the accessory use question, we note further that to the extent an accessory use may be here involved, such use is not permitted in the front yard of the property, and we regard such prohibition as the sole significance of Art. XVII, § 6(d) of the ordinance, despite defendants' claim to the contrary.
[3] We reject defendants' suggestion that they could have obtained any right to use their property in derogation of the zoning ordinance by reason of the Planning Board's grant of site plan approval sanctioning such use. Prior to the effective date of the Municipal Land Use Law of 1975, N.J.S.A. 40:55D-1 et seq., boards of adjustment were vested with the exclusive authority to grant variances. Any action of a planning board purporting to do so would have been completely ultra vires and ineffective to raise an estoppel. See N.J.S.A. 40:55-39. And see Hill Homeowners v. Passaic Zon. Bd. of Adj., 129 N.J. Super. 170 (Law Div. 1974), aff'd 134 N.J. Super. 107 (App. Div. 1975); Bederson v. Ocean Tp., 134 N.J. Super. 9, 11 (App. Div. 1975).