569 A.2d 837

ANNA SITKOWSKI, PLAINTIFF–RESPONDENT, v. ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF LAVALLETTE, DEFENDANT–APPELLANT, AND P.D. VISIOLI AND MAYOR AND COUNCIL OF THE BOROUGH OF LAVALLETTE, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued January 18, 1990—Decided February 9, 1990.

Before Judges KING, SHEBELL and BAIME.

*William J. McMahon, Jr.* argued the cause for appellant (*William J. McMahon* on the letter-brief).

*Steven N. Cucci* argued the cause for respondent (*Doyle, Oles & Cucci,* attorneys; *Steven N. Cucci* on the letter-brief).

The opinion of the court was delivered by

BAIME, J.A.D.

This is an appeal from a judgment of the Superior Court, Law Division, setting aside a determination of the Zoning Board of Adjustment of the Borough of Lavallette (Board) that plaintiff's house which was in the process of being constructed violated the Borough's zoning ordinance.  Pursuant to the Board's direction, the zoning officer had revoked a previously granted building permit and had issued a stop order barring plaintiff from further construction.  The Law Division judge rendered an oral opinion in which he found that plaintiff's neighbor, P.D. Visioli, had not filed an appeal to the Board from the zoning officer's issuance of the building permit within the 20 day period required by *N.J.S.A.* 40:55D-72.  The judge thus determined that the Board had improperly entertained jurisdiction

over the dispute. He found it unnecessary to determine whether the Board had correctly construed the Borough's zoning ordinance. Although the Law Division's judgment is silent on the issue and merely vacates the Board's resolution, all parties agree that its effect is to set aside the zoning officer's stop order and reinstate the previously issued building permit.

The Board now appeals. Although phrased in a variety of ways, the principal thrust of the Board's argument is that its decision constituted a mere interpretation of the zoning code at the request of an interested party pursuant to *N.J.S.A.* 40:55D-70b, for which the Municipal Land Use Law does not prescribe a time restriction. In response, plaintiff asserts that the proceedings before the Board constituted an appeal from a decision of an administrative officer, a proceeding that must be brought within 20 days under *N.J.S.A.* 40:55D-72a. We agree with the position advanced by plaintiff and affirm the Law Division's judgment substantially for the reasons expressed by Judge Clyne in his oral opinion.

The facts are not in dispute. On July 9, 1985 plaintiff was issued a building permit by Joseph Mazzarella, then the Borough's zoning officer. We need not describe in detail the structure that plaintiff proposed to build. Suffice it to say, detailed design plans were given to Mazzarella who reviewed them and issued the building permit, apparently finding that the proposed structure comported in all respects with the Borough's zoning code.

Construction commenced shortly after the permit was granted. On September 24, 1985 Albert P. Ratz, who had succeeded Mazzarella, inspected the footings that had been laid and found that they conformed with all requirements of the construction code. A second footing inspection was conducted on October 4, 1985 and again no problem was discovered. A framing inspection was performed on May 27, 1986. Subsequently, a reframing and sheathing inspection was conducted on August 6, 1986.

Following these inspections, a roof was constructed and exterior insulation was installed.

On September 4, 1986, Robert R. Ellis, an attorney, wrote to Ratz, noting that he had been retained by Visioli. Apparently, Visioli objected to the structure because he believed it consisted of more than the two and one-half stories allowed under the Borough's zoning ordinance. In his letter, Ellis contended that the structure's basement constituted a story because more than one-half of its height was above the average level of the finished grade at the front of the building. In his responding letter, Ratz noted that the building conformed to "approved plans," and rejected Visioli's contention that the bottom floor constituted a story. Ratz explained that "[t]he lowest floor is below grade and is to be considered a cellar." According to Ratz, the floor was "below the Base Flood Elevation" and was "not a habitable living space." Ratz's letter was dated November 5, 1986.

On February 9, 1987, some five months after first advising Ratz of Visioli's contention that the structure did not comply with the Borough's zoning code, Ellis wrote to the Board. Because of the issue presented to the Law Division and now to us, the language employed by Ellis in his letter is instructive. Ellis wrote "[a]pplication is hereby made to appeal the decision of the Borough Zoning Officer" that the structure complied with the requirements of the zoning code.

Ellis' letter precipitated five days of hearings by the Board. On September 14, 1987, the Board rendered its decision. The Board first rejected plaintiff's argument that Visioli's appeal was time barred. While acknowledging that an appeal from a decision of an administrative officer must be taken within 20 days under *N.J.S.A.* 40:55D–72a, the Board determined that no similar time constraint is imposed as to an interpretation of the zoning ordinance pursuant to *N.J.S.A.* 40:55D–70b. The Board thus concluded that there was no procedural bar to consideration of Visioli's contention that the structure did not comply

with the requirements of the zoning ordinance. As to the substantive question, the Board found that plaintiff's building violated the maximum story requirement of the ordinance. A resolution was adopted by the Board memorializing these findings and conclusions. Ratz was then directed by the Board to issue a stop order.

Plaintiff thereafter instituted an action in lieu of prerogative writs, contending that Visioli's appeal was untimely and that the Board lacked jurisdiction. Plaintiff also asserted that the Board erred in its finding that the structure did not comply with the Borough's zoning code. As we noted, Judge Clyne found that the proceedings before the Board constituted an appeal from an administrative determination and thus fell within the time prescription provided by *N.J.S.A.* 40:55D–72a.

*N.J.S.A.* 40:55D–70a and b and *N.J.S.A.* 40:55D–72a are the operative statutes. *N.J.S.A.* 40:55D–70 empowers a board of adjustment to:

a. hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by an administrative officer based on or made in the enforcement of the zoning ordinance;

b. hear and decide requests for interpretation of the zoning map or ordinance or for decisions upon other special questions upon which such board is authorized to pass by any zoning or official map ordinance, in accordance with this act.

*N.J.S.A.* 40:55D–72a provides a time limitation for appeals to the Board from decisions of administrative officers. It reads as follows:

[A]ppeals to the board of adjustment may be taken by any interested party affected by any decision of an administrative officer of the municipality based on or made in enforcement of the zoning ordinance or official map. Such appeal shall be taken within 20 days by filing a notice of appeal with the officer from whom the appeal is taken, specifying the grounds of such appeal. The officer from whom the appeal is taken shall immediately transmit to the board all the papers constituting the record upon which the action appealed from was taken. [*N.J.S.A.* 40:55D–72a].

Both parties agree that the 20 day rule provided by *N.J.S.A.* 40:55D–72a applies only to appeals filed pursuant to *N.J.S.A.* 40:55D–70a. Judge Clyne agreed with this conclusion, stating that "there was no time limitations on applications for an

interpretation...." In light of our disposition of the principal issue raised by this appeal, we need not decide whether a request for an interpretation may be made at any time by an interested party. We note, however, that the statutory language employed and relevant public policy concerns would seem to militate strongly in favor of permitting requests for an interpretation to be made without reference to a time restriction.

It is plain to us, however, in the context of the facts of this case, that Visioli should not be permitted to subvert the time constraints our Legislature has imposed upon administrative appeals by belatedly asserting that he sought only an interpretation of a zoning ordinance. The simple and overriding fact is that Visioli's objective was to have the Board reverse the action of the zoning officer in granting the building permit. That was the remedy Visioli sought and that was the disposition he ultimately obtained.

To permit an interested party to challenge the issuance of a building permit by denominating his appeal as a request for an interpretation would render nugatory the time constraint provided by *N.J.S.A.* 40:55D–72a. The 20 day limit was clearly designed to insulate the recipient of a building permit or other favorable disposition from the threat of unrestrained future challenge. It was intended to provide a degree of assurance that the recipient could rely on the decision of the administrative officer. That this is so is perhaps best evidenced by the action of our Legislature amending *N.J.S.A.* 40:55D–72a in 1979 to require that an appeal be filed within 20 days rather than 65 days, which was the prior limitations period. *See Trenkamp v. Township of Burlington,* 170 *N.J.Super.* 251, 269 n. 1, 406 *A.*2d 218 (Law Div.1979). Since the time for an appeal runs from the date an interested party knows or should know of the action of an administrative officer, *id.* at 268, 406 *A.*2d 218, a person to whom a permit is issued may protect his right by providing reasonable notice to all those who might wish to challenge the undertaking. *Ibid.* By providing notice to all

interested parties, *i.e.*, persons "whose rights to use, acquire or enjoy property is or may be affected by any action taken under [the Municipal Land Use Law]," *see N.J.S.A.* 40:55D–4, the holder of a permit may obtain some measure of protection against direct and collateral attacks upon his rights.

We do not suggest, however, that a building permit cloaks the holder with complete immunity from future challenges. Our decisions have long recognized the general rule that an individual may obtain an equitable restraint against violation of a zoning ordinance where he has "sustained special damages over and above the public injury." *Mayor & Council of Alpine Borough v. Brewster*, 7 *N.J.* 42, 82, 80 *A.*2d 297 (1951). *See also Garrou v. Teaneck Tryon Co.*, 11 *N.J.* 294, 300, 94 *A.*2d 332 (1953). So too, prerogative writ jurisdiction provides a mechanism for challenging an erroneously issued building permit. *See Marini v. Borough of Wanaque*, 37 *N.J.Super.* 32, 40, 116 *A.*2d 813 (App.Div.1955). In that context, it has been said that "[w]here the permit is regularly issued in accordance with the ordinance, it may not be revoked after reliance unless there be fraud." *Jantausch v. Borough of Verona*, 41 *N.J.Super.* 89, 93, 124 *A.*2d 14 (Law Div.1956), aff'd. 24 *N.J.* 326, 131 *A.*2d 881 (1957). At the other end of the spectrum, "where there is no semblance of compliance with an authorization in the ordinance, the deficiency is deemed jurisdictional and reliance will not bar even a collateral attack after the expiration of time limitation applicable to direct review." *Id.* at 94, 124 *A.*2d 14. In other words, "if the permit is 'utterly void' then it may be subject to 'collateral attack' at any time," although a direct attack through an action in lieu of prerogative writs "must be made within the limitations period [provided by *R.* 4:69–6(a) ] whether the permit be merely 'irregular' or 'utterly void.'" *Schultze v. Wilson*, 54 *N.J.Super.* 309, 321, 148 *A.*2d 852 (App.Div.1959), certif. den. 29 *N.J.* 511, 150 *A.*2d 520 (1959); *see also Thornton v. Village of Ridgewood*, 17 *N.J.* 499, 510, 111 *A.*2d 899 (1955); *Marini v. Borough of Wanaque, supra*, 37 *N.J.Super.* at 40, 116 *A.*2d 813.

This conclusion has been said to rest "on established and eminently sound law." *Hilton Acres v. Klein,* 35 *N.J.* 570, 581, 174 *A.*2d 465 (1961). Our cases "have consistently held that municipal action in the land use control field taken in direct violation of law or without legal authority is void *ab initio* and has no legal efficacy," and thus "a building permit issued contrary to a zoning ordinance ... cannot ground any rights in the applicant." *Ibid.* Where the action "is without any legal warrant, there is a lack of equity in the owner and the public interest completely predominates." *Ibid.*

An intermediate situation exists "in which the administrative official in good faith and within the ambit of his duty makes an erroneous and debatable interpretation of the ordinance and the property owner in like good faith relies thereon." *Jantausch v. Borough of Verona, supra,* 41 *N.J.Super.* at 94, 124 *A.*2d 14. In such a case, reliance upon the permit in the intervening period when an appeal to the board of adjustment may be taken generally does not suffice to sustain a plea of estoppel. *Id.* at 95, 124 *A.*2d 14. Beyond this period, however, it has been said that "the municipality is estopped when there has been reliance." *Trenkamp v. Township of Burlington, supra,* 170 *N.J.Super.* at 271, 406 *A.*2d 218; *see also, East Hanover Tp. v. Cuva,* 156 *N.J.Super.* 159, 165–166, 383 *A.*2d 725 (App.Div. 1978); *Howland v. Freehold,* 143 *N.J.Super.* 484, 363 *A.*2d 913 (App.Div.1976), certif. den. 72 *N.J.* 466, 371 *A.*2d 70 (1976); *Hill v. Eatontown Bd. of Adj.,* 122 *N.J.Super.* 156, 299 *A.*2d 737 (App.Div,1972). Although that thesis has been questioned at least in the context of a deviation which vitally affected the public interest, *see Hilton Acres v. Klein, supra,* 35 *N.J.* at 583, 174 *A.*2d 465, it has been applied in a variety of circumstances. *See Trenkamp v. Township of Burlington, supra,* 170 *N.J.Super.* at 270–279, 406 *A.*2d 218 and cases cited therein.

We have no occasion here to determine whether plaintiff's reliance on the building permit issued by the Borough's zoning officer would serve to insulate her right to construct the structure from direct or collateral attack. That is not the issue

presented by this case. We merely hold that Visioli's challenge to the issuance of the building permit constituted an appeal brought beyond the limitations period provided by *N.J.S.A.* 40:55D–72a. The mere fact that resolution of the issue raised by the appeal required an interpretation of the zoning ordinance did not serve to obviate the statutory time constraint for appeal relief imposed by our Legislature. Since the Board lacked the authority to grant the relief sought by Visioli, his appeal should have been denied. The Law Division judge correctly set aside the action of the Board.

The judgment of the Law Division is accordingly affirmed.