**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3086-23

SANDRA LEMA and
ABELINO MOROCHO,

     Plaintiffs-Appellants,

v.

THE BOROUGH OF GARWOOD,
THE BOROUGH OF GARWOOD
PLANNING BOARD, 680
MYRTLE AVENUE, LLC,
SITESCAPES LANDSCAPE AND
DESIGN, LLC, SITESCAPES
CONSTRUCTION MANAGEMENT,
LLC, and SITESCAPES
LANDSCAPE & DESIGN
MASON CONTRACTORS,

     Defendants-Respondents.

_____

Argued November 3, 2025 – Decided November 21, 2025

Before Judges Gilson, Firko, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3957-20.

Robert F. Simon argued the cause for appellant (Herold Law, PA, attorneys; Robert F. Simon, of counsel and on the briefs; John P. Kaplan, on the briefs).

Frank J. Dyevoich argued the cause for respondents Borough of Garwood and Borough of Garwood Planning Board (Rainone Coughlin Minchello, LLC, attorneys; Frank J. Dyevoich, of counsel and on the brief).

James M. Foerst argued the cause for respondents 680 Myrtle Avenue LLC, Sitescapes Landscape and Design, LLC, Sitescapes Construction Management LLC, and Sitescapes Landscape & Design Mason Contractors (Spector Foerst & Associates, and Foley & Foley, attorneys; Timothy J. Foley and James M. Foerst, on the brief).

PER CURIAM

Plaintiffs Sandra Lema and Abelino Morocho appeal from three April 23, 2024 orders denying their motion for summary judgment and granting summary judgment in favor of defendants Borough of Garwood (Borough) and Borough of Garwood Planning Board (Board) (collectively the Borough Defendants), and 680 Myrtle Avenue, LLC, Sitescapes Landscape and Design, LLC, Sitescapes Construction Management, LLC, and Sitescapes Landscape & Design Mason Contractors (collectively Sitescapes). We affirm substantially for the reasons set forth in Judge Lisa M. Walsh's comprehensive and well-reasoned written opinion.

A-3086-23

I.

We summarize the facts supported by competent evidence in the record viewed in the light most favorable to plaintiffs. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Plaintiffs reside at 313 Myrtle Avenue in Westfield, which they purchased in 2015. Sitescapes owns and operates its businesses at 680 Myrtle Avenue in Garwood (the Property), which is adjacent to plaintiffs' property.

The Property is located within the Borough's single-family residential zone but has been the site of non-conforming commercial operations including industrial fabrication, masonry and heavy construction, roofing, and landscaping since at least 1970. In 1974, the Property was purchased by M. Hirsch & Sons, Inc. On September 12, 1974, the Borough issued a certificate of occupancy to "F. Hirsch" to use the Property "for the purposes of a private garage." Effective November 11, 1974, the Property was located in the Borough's single-family residential zone. In 1986, the Borough issued a certificate of continued occupancy for the Property to "538 Corp." for the "specific use" of "storage of business trucks."

In 1998, Landover Cooling Tower Service, Inc. (Landover) sought permission to locate its cooling tower inspection and maintenance business at

3

the Property.   Landover submitted a proposal to the Borough in which it proposed to use the property as follows: (1) "[p]arking for four company trucks ([i]nside of the building)"; (2) "[p]arking for two small trailers ([e]ach trailer is 5x16 enclosed trailer)"; (3) "[d]aytime [e]mployee parking"; (4) "[a]dministrative [o]ffice inside [one-third] of the building"; (5) "[w]orking hours will be normal day[-]time working hours 8:00 a.m.-6:00 p.m."; and (6) "[n]umber of employees[:] six."  On September 14, 1998, the Borough Zoning Officer advised Landover she "conducted extensive research on the . . . [P]roperty and [found] that [Landover] may locate [its] business there in accordance with the" proposal.

On May 25, 2004, Landover, then known as Mainsail Corporation (Mainsail), applied to the Board for a use variance to expand the preexisting commercial non-conforming use of the Property.  Mainsail stated "[t]he property is presently used as the warehouse and office of the property owner[.] . . . The present interior is used for office and storage.  The exterior is for parking and equipment."  Before the Board, Mainsail stated it had "six employees, three trucks, and the hours of operation were 7:00 [a.m.] to 5:30 [p.m.] Monday-Friday[.]"

A-3086-23

On July 14, 2004, the Board adopted a resolution (the 2004 Resolution), "permit[ting] the demolition and reconstruction of the commercial structure" situated on the Property, subject to the following conditions:

> (1) Hours of operation shall not exceed 7:00 a.m. to 7:00 [p.m.] Monday to Saturday; there shall be no operation on Sunday;
>
> (2) All construction shall meet applicable building codes and sub-codes;
>
> (3) There shall be no cleaning or maintenance of vehicles performed on-site;
>
> (4) The design/specifications of the garage doors shall be subject to the approval of [the Zoning Code Officer][;]
>
> (5) No fabrication, manufacturing, or sales shall be conducted on-site[;]
>
> (6) The permitted use of property shall be limited to being a base for off-site servicing and maintenance[;] [and]
>
> (7) The driveway shall be Belgian-Blocked from the street up to the gate, subject to the approval of [the] Planner [][.]

Mainsail did not demolish and reconstruct the commercial building on the Property as permitted by the 2004 Resolution, and the resolution was abandoned.

In May 2016, Sitescapes began operations at the Property as a tenant. On March 13, 2018, Sitescapes submitted a "zoning request/questions" form to the

5

Borough, stating it was "currently purchasing [the Property]. [Sitescapes] would like to request usage of the Property for [its] construction company."

On April 19, 2018, the Zoning Code Officer, Victor Vinegra, issued a zoning certificate for the Property approving Sitescapes' request to "purchase [the] building, continue non[-]conforming use, owner occupy for use of yard [and] office." According to Vinegra, he

> reviewed the "Preliminary Assessment Report" performed by Peak Environmental, Inc. [(Peak Environmental)] and dated September 1998. This document[] was prepared as part of a submittal to [the New Jersey Department of Environmental Protection] concerning the uses of the [P]roperty in reference to environmental concerns. Peak Environmental researched the previous uses at [the Property] over the last forty plus years. The uses on the referenced site since at least 1970 include the following:
>
> 1. Industrial Fabrication.
>
> 2. Masonry and heavy construction.
>
> 3. Roofing.
>
> 4. Landscaping.
>
> Site[s]capes is seeking to continue with the pre[]existing non-conforming uses of landscaping/masonry contractor. It is my professional opinion that Site[s]capes can occupy the site and qualifies as a "pre[]existing" non-conforming use and does NOT have to come before the Borough's Zoning Board for approval of occupancy.

A-3086-23

On June 28, 2018, Mainsail sold the Property to 680 Myrtle Avenue LLC (680 Myrtle), an entity that shares common ownership with Sitescapes. 680 Myrtle then leased the property to Sitescapes.

On November 14, 2018, plaintiffs, through counsel, wrote to Vinegra, asking whether "Sitescape[s] s[ought] use variance relief and if not by what authority [is it] operating what is a different non-conforming use" than permitted by the 2004 Resolution. Plaintiffs asserted Sitescapes "has consistently violated several of the conditions" of the 2004 Resolution and "[t]he violations are so extensive that the operation is not merely an intensification of the prior use but indeed a completely different use." They made "a formal request that [Vinegra] investigate [Sitescapes'] failure to comply with the 2004 [R]esolution."

Plaintiffs specifically alleged the following violations:

> Resolution Condition #1 . . . restricted hours of operation [from] 7:00 a[.]m[.] to 7:00 p[.]m. Trucks have been continuously observed coming to the property at 6:00 a.m. on a daily business and often leaving at 11:00 p.m. Operations are occurring on Sunday, contrary to the [2004 R]esolution.
>
>  . . . .
>
> Resolution Condition #3 . . . is also being violated in that [Sitescapes] has often been seen using a power washer machine to clean the trucks[,] even on Sundays.

7

Resolution Condition #5 prohibits fabrication, manufacturing[,] and sales conducted from the site. Although there is no fabrication or manufacturing, the applicant is storing large amounts of construction material on the premises. This is clearly in violation of the spirit of the condition. Indeed[,] it is also a violation of Condition #6, which states that the property shall be limited to off-site servicing and maintenance of vehicles.

On December 5, 2019, plaintiffs again wrote to Vinegra claiming "commercial operations currently taking place at the [P]roperty . . . are not protected nor 'grandfathered' as a legally valid, pre[]existing, non[-]conforming use."

They alleged

Site[s]capes has been utilizing the Property well beyond the limited commercial activities at the Property conducted and permitted prior to Mainsail's 2004 application – namely, as specifically approved by the [Garwood] Zoning Officer . . . on September 14, 1998[,] which provided that Landover may locate its business at the Property in accordance with its outline of proposed use provided to the Zoning Officer on September 9, 1998.

 . . . .

The actions of Site[s]capes are not remotely "substantially similar" to the use that existed at the Property at the time of the adoption of the zoning ordinance placing the Property in a residential zone. Site[s]capes is operating its construction business at the Property in a manner that goes well beyond what is

permitted[.] . . . It is abundantly clear . . . that any pre[]existing non-conforming use of the Property has been substantially "enlarged, extended[,] [and] substituted" in violation of the Garwood Zoning Ordinance, the Municipal Land Use Law, and applicable law.

Plaintiffs requested "that [Vinegra], as the Zoning Officer and Administrative Officer, confirm to [them] in writing within the next ten . . . days that Site[s]capes must immediately cease its expanded operations . . . and instead conform to the legally permitted limits for any commercial use of the Property as a pre[]existing, non-conforming use as confirmed by the Garwood Zoning Officer in 1998." On January 7, 2020, plaintiffs again wrote to Vinegra, requesting confirmation "in writing that . . . Site[s]capes immediately cease its expanded operations and instead conform to the legally permitted limits for any commercial use of the Property . . . confirmed by the [Borough] Zoning Officer in 1998."

On January 23, 2020, plaintiffs filed an "appeal and application for interpretation of ordinance" with the Board "concerning the failure of . . . Vinegra . . . to provide confirmation that the nature and intensity of the use of the [P]roperty . . . has changed and expanded well beyond that in effect at the time the Property became non[-]conforming." "As no response was ever received [to their December 5, 2019, and January 7, 2020] letter[s]" plaintiffs

submitted their appeal and application for interpretation "as to whether Site[s]capes' use of the Property . . . has improperly expanded beyond the 'grandfathered' conditions." The Board scheduled a hearing for July 22, 2020.

In a July 17, 2020 letter to the Board, Vinegra stated he

> was in contact with [plaintiffs] back in 2019. . . . [He] had numerous conversations with [plaintiffs' former attorney] to discuss [plaintiffs'] concerns. In 2019, [he] had numerous conversations with [plaintiffs' counsel] to discuss his clients' concerns. Somewhere in the summer of 2019[, he] met with [plaintiffs] at [their] home next door to [the Property]. [His] determination . . . [was] that the existing use by Site[s]capes was a pre[]existing non-conforming use and that the restrictions [plaintiffs] wanted [to] enforce[] were not applicable. He notified [plaintiffs' counsel] and [plaintiffs] of [his] findings.

After Vinegra advised plaintiffs that Sitescapes' "use was consistent with the prior uses which utilized the site in the past[,]" plaintiffs' counsel "did not pursue any additional determinations after [their] on-site meeting." Based on his review of the historical uses of the property, Vinegra advised the Board "Site[s]capes . . . is a landscaping/mason/general site contractor which is NOT substantially different from the previous uses since 1970." His "professional opinion" as the Zoning Officer was that "Site[s]capes compli[ed] with the provisions as a 'construction contractors' yard' and is a pre[]existing non-conforming use. Thus, they are operating legally as far as zoning regulations."

10

On July 22, 2020, plaintiffs' attorney wrote to the Board claiming Vinegra's July 17, 2020 correspondence "constitute[s] 'a decision or refusal made by an administrative officer based on or made in the enforcement of the zoning ordinance,' contemplated by N.J.S.A. 40:55D-70(a)." Plaintiffs requested the hearing on their appeal be adjourned to August 26, 2020. It was subsequently rescheduled for September 30, 2020.

On September 30, 2020, Donald Fraser, Esq., the Board's attorney, advised the Board that "before [it] can, or should, reach the question of whether or not the activities of [Sitescapes] are in compliance with the applicable [z]oning [o]rdinance, and/or any prior approvals granted by the Board and/or any municipal official, the Board must first address the question of whether it has jurisdiction to consider the matter, and/or to grant whatever relief may be sought."

Fraser concluded plaintiffs' appeal "is a matter for the courts, and not for the . . . Board to decide." He concluded plaintiffs "[f]undamentally . . . seek[] . . . to enforce the zoning ordinance against [Sitescapes], contending that the activities taking place at [the Property] violate the zoning ordinance." According to Fraser,

> The [Board] is not the entity charged with enforcement.
> If the [plaintiffs] believe that the Zoning Officer is

A-3086-23

improperly failing to discharge his duties, the [plaintiffs] could either file a citizen's complaint in [m]unicipal [c]ourt. . . . [or] the [plaintiffs] could file in Superior Court, and seek either injunctive relief against [Sitescapes], and/or a mandamus compelling the Zoning Officer to act.

In addition, Fraser advised the Board that plaintiffs' "appeal [was] untimely" because it was filed more than twenty days after the Zoning Officer's decision, in violation of N.J.S.A. 40:55D-72. Specifically, Vinegra "met with [plaintiffs and their attorney] in the summer of 2019. Whether or not [plaintiffs] were aware of [Vinegra's] decision prior to the time of the meeting in the summer of 2019, they clearly were aware of it by then. Hence, the [twenty] days expired long before the submission of [plaintiffs'] present appeal." Lastly, Fraser did "not see a basis for [plaintiffs'] request for interpretation under N.J.S.A. 40:55D-70(b)" because "[t]hat subsection . . . relates to interpretation of 'the zoning map or ordinance,' which is not at issue in this case."

On September 30, 2020, the Board considered plaintiffs' appeal and application at a public meeting. Plaintiffs' counsel appeared at the hearing and argued in opposition to the denial of the appeal and application. On October 14, 2020, the Borough adopted a resolution denying plaintiffs' January 23, 2020 appeal and application, based on "the reasons set forth in [Fraser's] September 30, 2020 [o]pinion [l]etter."

12

In a letter dated October 19, 2020, Vinegra advised Sitescapes he "[o]riginally . . . issued a letter permitting the continuance of a landscaping company" and "[s]ince the April 18, 2018 letter, [he] believe[d] [Sitescapes] . . . expanded into the heavy excavating/trucking business[,] which is not landscaping." He demanded Sitescapes correct the violations immediately.

On October 20, 2020, the Borough Zoning Enforcement Officer issued a violation notice to Sitescapes for (1) "expansion of non-conforming use – tandem dump trucks;" (2) "dumpster in front yard, unscreened;" and (3) "high intensity lighting not shielded." On November 2, 2020, the Zoning Enforcement Officer issued a violation notice update stating, "[t]he condition [was] corrected satisfactorily."

On November 28, 2020, plaintiffs filed an action "in [l]ieu of [p]rerogative [w]rits and for other relief" against the Borough Defendants and Sitescapes. On October 18, 2021, plaintiffs filed an amended complaint. As to the Borough Defendants, plaintiffs alleged: (1) improperly expanded non-conforming use of the Property (count one); (2) the Borough is required to enforce its own ordinances under N.J.S.A. 40:55D-18 (count two); (3) the Board declining to rule on their appeal and application was improper (count three); (4) civil action

13

for deprivation of rights (count four); and (5) writ of mandamus (count five). As against all defendants, plaintiffs alleged: (1) public nuisance on land harming neighbors (count six); and (2) private nuisance (count seven).

At his deposition, Vinegra testified Sitescapes' use of the Property is a "preexisting non[-]conformity of a construction yard." He confirmed five entities owned the Property prior to 2018 based on information "from an environmental report" prepared by Peak Environmental in September 1998. According to that report, all five prior owners used the Property as a construction yard. "Outside of the report by Peak Environmental and [his] follow-up as to dates of ownership with previous owners," he "look[ed] at historical photographs in Google Earth" to confirm Sitescapes' use of the Property was a preexisting non-conforming use.

Vinegra "investigated the [P]roperty" and observed "rear yard storage" and "some side yard storage" for "[c]onstruction material." He "took photographs" which depicted "four-by-four posts," "concrete block," and "storage racks." He saw "the same storage . . . in previous historical photographs." According to Vinegra, Landover also "had construction material, and they had racks of scaffolding, those types of things."

At his deposition, Morocho testified he was aware the Property was a commercial property when he purchased his adjoining property in 2015. When Sitescapes arrived in 2016, he "started to see a lot of activity, because the trucks that they own . . . [are] . . . big industrial-grade trucks, and . . . there was a lot of noise that was produced by these trucks, back-up alarms." He recalled Sitescapes applied for "a zoning permit to put a fence . . . right into the property line," which "basically . . . remove[d] the buffer area" between his property and the Property.

Morocho could not recall if Vinegra told him directly in 2019 that Sitescapes' use of the Property was a preexisting non-conforming use. However, he admitted he received an email from Vinegra stating Sitescapes was operating lawfully. He agreed the historical research performed by Peak Environmental showing the Property's previous uses from 1974 to 2020 was accurate, but claimed Landover's use was not "construction" and "iron workers."

He testified Sitescapes' use of the Property was a nuisance because "the dump trucks [it] uses are large, commercial trucks. The noise that they create . . . [is] very loud. They[ are] diesel-engine trucks, 40,000-pounds capacity trucks. They are equipped with back-up alarms. The noise . . . far exceeds . . . normal decibel levels for a residential neighborhood." "And also

15

the use of power washing machines, power washing [its] equipment all the time. . . . create[s] a tremendous noise. . . . [The] trucks coming into the [P]roperty fully loaded . . . shakes [plaintiffs' house] when they come in." Morocho conceded he "does[ not] have a specific decibel reading" of the trucks.

Morocho testified he filed the appeal with the Board because he "want[ed] an interpretation from the [Board] to tell [him] if . . . the resolution is valid, or it[ is] not valid.  And . . . [he] think[s] that[ is] when the [B]oard  failed to just to listen to [him] . . . and tell [him], . . . [whether] the resolution is valid, or it[ is] invalid."   He conceded he is "essentially . . . appealing [Vinegra's] determination that [Sitescapes' use] is a non[-]conforming preexisting use" because it "had to go before the [B]oard and explain on paper what exact[] . . . type of business they were going to be running from the site."  Thus, Morocho's "two goals [with his appeal was an] interpretation of the 2004 [R]esolution and to overturn the decision . . . Vinegra made that Site[s]capes is not in violation and operating lawfully as a non[-]conforming preexisting use."

Jeffrey Gabriel, the owner of Sitescapes, testified that the "Union County Board of Health" conducted a "noise visit" at the Property.   "They tested [Sitescapes'] . . . vehicles and machinery in [their] daily operations" and "[s]pent a few hours at the [P]roperty and they passed."

16

## II.

After the completion of discovery, the parties filed cross-motions for summary judgment. On April 19, 2024, the judge heard oral argument. Plaintiffs' counsel argued "[t]he real question here . . . is whether or not the continued use of this [P]roperty . . . exceeds its use as it was prior to the ordinance making it a non-permitted use." "Plaintiffs are challenging the intensity of the use of the [P]roperty and whether or not it exceeds the preexisting use that it is." He conceded the zoning officer determined "in 2018, that this [P]roperty is a preexisting non-conforming use."

On April 23, the judge entered orders denying plaintiffs' motion and granting defendants' motions, supported by a written opinion. The judge dismissed counts six, alleging public nuisance, and seven, alleging private nuisance, against the Borough Defendants because plaintiffs failed to serve a timely notice of tort claim as required by the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:8-1 to -11.

The judge determined count two alleging "failure to enforce an ordinance in violation of N.J.S.A. 40:55D-18," was precluded by N.J.S.A. 59:2-4, which provides "[a] public entity is not liable for any injury caused by . . . failing to

17

enforce any law." She also found, "the record [was] devoid of information establishing that the [Borough] [D]efendants failed to enforce" an ordinance.

The judge dismissed counts one, alleging Sitescapes improperly expanded the non-conforming use of the property; three, alleging that the Board improperly declined to rule on plaintiffs' appeal and application; and five, seeking a writ of mandamus, because plaintiffs failed to file their action in lieu of prerogative writs within forty-five "days after the accrual of the right to review, hearing[,] or relief claimed" as required by Rule 4:69-6(a). She rejected plaintiffs' contention that the forty-five-day time bar should be relaxed pursuant to Rule 4:69-6(c). The judge found the case did not involve "an important and novel constitutional question; ex parte determination of [a] legal question by administrative officials; or important public rather than private interests."

The judge nevertheless addressed the merits of plaintiffs' claims and determined "Site[s]capes use of the Property is not an improper expansion of a non-conforming use." She found "Vinegra did a proper investigation into determining whether . . . Site[s]capes use of the Property was a conforming use." The judge determined

> Vinegra relied on the [Peak Environmental] [r]eport in which the authors . . . obtained land use records from the [Borough]. Within the records, it stated that the prior uses of the Property were

18

landscaping/construction yard; construction yard/mason; construction yard/roofing; construction yard/street sweeping; construction yard/iron workers; and construction yard/landscaper. Additionally, . . . Vinegra reviewed historical photographs to see what was stored on the Property in the past and how the previous owners used it; visited the Property to observe . . . Site[s]capes' use of the Property; and spoke with the prior owners on the previous use of the Property. [Borough] Ordinance 106-123 states that business hours must be closed between 12:00 [a.m.] and 5:00 [a.m.], here plaintiffs argue that . . . Site[s]capes start[s] to use the Property at 5:30 [a.m.]. . . . Site[s]capes' use of the Property does not violate the Ordinance.

The judge concluded "the record is devoid of any information showing that . . . Site[s]capes['] use of the Property is substantially different than the prior uses of the Property."

The judge also dismissed count four, alleging a violation of the New Jersey Civil Rights Act (CRA), N.J.S.A. 10:6-1 to -2, because plaintiffs did "not provide[] sufficient evidence to show that their substantive rights were violated." She found "[t]here has been no evidence provided that shows that [the Borough Defendants] declined to hear plaintiffs' application because of their race, national origin, age, and disability." The judge did "not find that the [Borough] [D]efendants' actions 'shock the conscience.'"

The judge concluded plaintiffs' reliance on <u>Harz v. Borough of Spring Lake</u>, 234 N.J. 317 (2018), was misplaced because in that case "the plaintiff timely filed an application to appeal the issuance of the zoning permit, while in this matter plaintiffs failed to timely file an appeal." In addition, the Board

> did not simply decline to hear plaintiffs' application without conducting a hearing; rather, they provided [plaintiffs' attorney] an opportunity to speak in front of the Board and argue why plaintiffs' application should be heard. Additionally, [plaintiffs' attorney] was able to rebut comments and questions made by the Board.

The judge rejected plaintiffs' claim that the Borough's October 14, 2020 resolution denying their appeal and application was arbitrary, capricious, or unreasonable. She found the Board correctly determined plaintiffs' appeal pursuant to N.J.S.A. 40:55D-70(a) was untimely because it was not filed within twenty days of Vinegra's determination that Sitescapes did not substantially change or expand the non-conforming use of the Property.

Specifically, the judge found "[u]nder N.J.S.A. 40:55D-72, appeals to the [B]oard may be taken by an interested party who is affected by a decision of an administrative officer within twenty days of the decision" and "the time for notice of the appeal begins to run when the interested party knew or should have known" of the decision. The judge determined Vinegra "had an on-site meeting with plaintiffs' former counsel in the summer of 2019 and informed

20

both . . . Morocho and his counsel of . . . Vinegra's findings" and "had numerous conversations with . . . Morocho and counsel . . . about . . . Morocho's concerns in 2019." Based on that, the judge found "plaintiffs either knew or should have known of the pre[]existing non[-]conforming use [decision] issued to [] Site[s]capes between late 2018 and early 2019" and their "appeal in January 2020 was well past the deadline to appeal pursuant to N.J.S.A. 40:55D-72."

The judge rejected plaintiffs' claim that their application sought the interpretation of a zoning map or ordinance pursuant to N.J.S.A. 40:55D-70(b). She found "[t]he letters sent on December 5, 2019 and January 7, 2020, d[id] not request [the] interpretation of [an] [o]rdinance." She found "[t]he record is clear that plaintiff[s] [were] appealing the determination that . . . Site[s]capes use of the Property was a nonconforming use." "Absent from these letters is plaintiffs' request for an interpretation" of a zoning map or ordinance.

The judge determined "plaintiffs are unable to establish that the Board acted in an arbitrary and capricious fashion by not hearing [their]" appeal and application. "There [was] sufficient evidence that establishes that the Board's decision to deny plaintiff's [appeal and] application was based on due consideration."

The judge rejected plaintiffs' demand for a writ of mandamus because "plaintiff[s] . . . failed to establish that there was a clear violation of [a Borough] [o]rdinance and a failure to take action by the [Borough] [D]efendants."

The judge determined plaintiffs' public and private nuisance claims against the Borough Defendants failed as a matter of law because there "has been no allegations asserted against the [Borough] [D]efendants that they own the . . . [P]roperty" and "plaintiff[s] . . . failed to properly file a notice of tort claim." She also determined plaintiffs' public nuisance claim failed against all defendants because plaintiffs "have not provided any evidence showing that plaintiffs are suffering a harm different from that suffered by other members of the public."

Finally, the judge determined plaintiffs "failed to establish that . . . Site[s]capes['] use of the Property constitute[s] a private nuisance." She found:

> the record is devoid of any information establishing the dates and times when the alleged nuisance would occur or the frequency [or] magnitude of the alleged nuisance. Plaintiffs have provided photographs of . . . Site[s]capes' use of the [P]roperty, which depicts the trucks and storage on the Property; however [the] photographs have not been authenticated by plaintiffs. Plaintiffs have complained that the noise of the trucks [is] loud; however, plaintiffs have provided no decibel reading as to the noise[.] . . . Conversely, [Sitescapes'

22

representative] testified that the Union County Board of Health tested the noise levels on the Property and . . . Site[s]capes passed. The only evidence plaintiffs have presented . . . regarding their private nuisance claim is . . . Morocho's own complaints; however, without any evidence to support such complaints, no reasonable fact finder can conclude that . . . Site[s]capes' use of the Property constituted a private nuisance.

## III.

On appeal, plaintiffs argue they "have standing to bring this suit." Specifically, they contend their claim pursuant to N.J.S.A. 40:55D-18 is not an "action in lieu of prerogative writs tried on the record below" or "a demand for damages under the" TCA. They argue the judge improperly dismissed their private nuisance claim because it "was not against a public entity." Plaintiffs contend their nuisance claim is subject to the "continuing tort doctrine" and the judge "erroneously dismissed [their] claims 'with prejudice' without addressing the date [on] which the statute of limitations commenced."

Plaintiffs argue the judge improperly determined their action in lieu of prerogative writs was untimely because they "challenge the present use of the Property, and whether or not it has been illegally intensified since the Zoning Officer's issuance of the 2018 Zoning Certificate/Permit." In the alternative, they argue the judge "should have granted [plaintiffs] an enlargement of time"

23

pursuant to Rule 4:69-6(c) "to determine whether there was an incorrect and/or illegal administrative determination of a zoning officer without a proper investigation into the preexisting non[-]conforming use." They also argue "[m]uch like the 'continuing tort doctrine[,]' the need to determine actual dates of actionable claims renders any decision by the [judge] as to the applicability of [the] statute of limitations moot."

Plaintiffs next contend the Board's October 14, 2020 resolution was arbitrary, capricious, and unreasonable because they "were not challenging the 2018 or 2019 'determinations' of the Zoning Officer." Rather, they "were challenging the inaction of the Zoning Officer" and the "Board failed to grasp what exactly was being appealed." Plaintiffs argue the judge "[w]rongfully [d]etermined Site[s]capes . . . [d]id not [i]llegally [e]xpand the [p]reexisting [n]on[-]conforming [u]se of the Property." They contend "there is, at the very least, a triable issue of fact."

Plaintiffs contend the judge improperly dismissed their CRA claim because they "reasonably expected to have the Borough [Defendants] . . . exercise [their] duty to properly act to enforce the [o]rdinances to protect [plaintiffs'] substantive due process and property rights" and "at the very least, hear the merits of their [a]pplication." Plaintiffs argue the judge

24

improperly denied their request for a writ of mandamus because they "have a clear right to the relief sought" and the Borough Defendants "are under a clear and definite duty to act." Lastly, plaintiffs contend the judge erred when she failed to find that genuine issues of material fact exist related to Sitescapes' alleged nuisance on the Property.

IV.

Our review of a trial court's grant or denial of a motion for summary judgment is de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Like the trial court, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 540. "By its plain language, Rule 4:46-2 dictates that a court should deny a summary judgment motion only where [a] party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged.'" Id. at 529 (emphasis omitted).

Based on our de novo review, we are convinced the judge properly denied plaintiffs' motion for summary judgment and granted defendants' motions. The judge correctly determined plaintiffs' action in lieu of prerogative writs was not

timely filed. Rule 4:69-6(a) provides "[n]o action in lieu of prerogative writs shall be commenced later than [forty-five] days after the accrual of the right to the review, hearing[,] or relief claimed." The Rule allows for the enlargement of the period of time provided in paragraph (a) "where it is manifest that the interest of justice so requires." R. 4:69-6(c). Such an extension is appropriate only if the court finds: "(1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Reilly v. Brice, 109 N.J. 555, 558 (1988) (emphasis omitted).

Plaintiffs' claims in counts one, three, and five challenge the Borough Defendant's April 19, 2018 determination that Sitescapes' use of the Property was permitted as a preexisting non-conforming use. As the judge properly determined, plaintiffs were aware of that decision at least as early as 2019 when Vinegra met with Morocho and his prior counsel. Plaintiffs action in lieu of prerogative writs was filed on November 28, 2020, long after the expiration of the forty-five-day limitations period. We are satisfied the judge appropriately exercised her discretion to decline to extend that period under the facts of this case.

A-3086-23

The judge correctly dismissed the public and private nuisance claims against the Borough Defendants for failure to file a timely notice of tort claim. Tort claims, including nuisance claims, against public entities are governed by the TCA. Posey v. Bordentown Sewerage Auth., 171 N.J. 172, 181 (2002). A party has ninety days from the accrual of a claim to file notice of a claim against a public entity. N.J.S.A. 59:8-8(a). Here, plaintiffs were aware of the alleged nuisance at the Property no later than 2019. They never served a notice of tort claim as required by the TCA. Accordingly, their purported nuisance claims against the Borough Defendants are precluded.

We are convinced the judge properly dismissed count two of plaintiffs' amended complaint alleging the Borough Defendants "failed to enforce" a Borough ordinance "under N.J.S.A. 40:55D-18." That statute provides that a "governing body of a municipality shall enforce . . . any ordinance" if "any building, structure[,]or land is used in violation of . . . any ordinance." N.J.S.A. 40:55D-18. Here, plaintiffs contend the Borough Defendants failed to enforce Borough Ordinance § 106-122(B) (the Ordinance), which provides "[n]o existing use, structure[,] or premises devoted to a non[-]conforming use shall be enlarged, extended, reconstructed, substituted[,] or structurally altered, unless it is changed to a conforming use."

We are persuaded the judge correctly determined the Borough Defendants have not failed to enforce the Ordinance. Rather, the Borough Defendants determined that Sitescapes' use of the Property is a permitted non-conforming use and Sitescapes is not violating the Ordinance. Plaintiffs' claim is based not on the Borough Defendants' failure to enforce the Ordinance, but on their disagreement with the Borough Defendants' determination regarding Sitescapes' use of the Property. The Borough Defendants are enforcing the Ordinance; they are just not enforcing it the way plaintiffs want them to.

Plaintiffs' claims under the CRA lack merit for the same reasons. The judge properly concluded the Borough Defendants have not deprived plaintiffs of a substantive right. There is no basis to find they "intentionally" failed to "exercise proper oversight over the Property" or "enforce [the] Ordinance." Plaintiffs' claim that the Board failed to hear their appeal and application is incorrect. The Board heard the matter at a public meeting and determined the appeal was untimely and the "application" for an interpretation of a "zoning map or ordinance" lacked merit.

We are satisfied the judge correctly determined the Board's October 14, 2020 resolution denying plaintiffs' appeal and application was not arbitrary, capricious, or unreasonable. When considering an appeal from an action taken

by a planning board, a reviewing court must determine whether the board's decision was "arbitrary, capricious[,] or unreasonable." Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 560 (App. Div. 2004). A planning board's actions are presumed to be valid and planning boards are given "'wide latitude in the exercise of the delegated discretion.'" Burbridge v. Governing Body of Twp. of Mine Hill, 117 N.J. 376, 385 (1990) (quoting Medici v. BPR Co., 107 N.J. 1, 23 (1987)). "A board's resolution of factual issues must stand if supported by sufficient credible evidence in the record." Tr. Co. of N.J. v. Plan. Bd. of Borough of Freehold, 244 N.J. Super. 553, 570 (App. Div. 1990) (citation omitted).

Pursuant to N.J.S.A. 40:55D-70, the powers of a zoning board include the authority to:

> a. [h]ear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by an administrative officer based on or made in the enforcement of the zoning ordinance;
>
> b. [h]ear and decide requests for interpretation of the zoning map or ordinance or for decisions upon other special questions upon which such board is authorized to pass by any zoning or official map ordinance, in accordance with this act[.]

Such an appeal must be brought to the board of adjustment within twenty days of "the date an interested party knows or should know of the action of an administrative officer." Sitkowski v. Zoning Bd. of Adjustment of Borough of Lavallette, 238 N.J. Super. 255, 260 (App. Div. 1990); see also N.J.S.A. 40:55D-72. The purpose of the time limit is to "insulate the recipient of a building permit or other favorable disposition from the threat of unrestrained future challenge. It was intended to provide a degree of assurance that the recipient could rely on the decision of the administrative officer." Ibid.

As the judge found, the Board's decision to deny plaintiffs' appeal pursuant to N.J.S.A. 40:55D-70(a) as untimely was amply supported by the record. Plaintiffs were aware of Vinegra's decision in 2019 at the latest and did not file their appeal until January 23, 2020, long after the twenty-day period prescribed by N.J.S.A. 40:55D-72. The Board's decision to deny plaintiffs' application for an "interpretation" was not arbitrary, capricious, or unreasonable because plaintiffs did not request an interpretation of a "zoning map or ordinance."

We are satisfied the judge correctly granted Sitescapes' motion for summary judgment on plaintiffs' private nuisance claim.[1]  "The essence of a private nuisance is an unreasonable interference with the use and enjoyment of land."  Sans v. Ramsey Golf & Country Club, Inc., 29 N.J. 438, 448 (1959).  In evaluating whether there is a private nuisance, the court must weigh "[t]he utility of the defendant's conduct . . . against the quantum of harm to the plaintiff" in order to determine "whether the annoyance or disturbance arises from an unreasonable use of the neighbor's land or operation of [their] business."  Id. at 449 (emphasis omitted).  "The question is not simply whether a person is annoyed or disturbed, but whether the annoyance or disturbance arises from an unreasonable use of the neighbor's land or . . . business."  Ibid.

Here, the judge found plaintiffs failed to set forth evidence sufficient for a reasonable jury to find Sitescapes created a private nuisance.  Plaintiffs did not present any expert testimony or other competent evidence to establish the noise levels at the Property and did not demonstrate Sitescapes was violating any noise ordinance or ordinance establishing the permitted hours of operation.

---

[1]  Plaintiffs do not address their claim in count six that defendants created a "public nuisance."  If an issue is not briefed, it is deemed waived.  State v. Huang, 461 N.J. Super. 119, 125 (App. Div. 2018); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025) ("It is, of course, clear that an issue not briefed is deemed waived.").

Moreover, the Borough Defendants determined Sitescapes is properly operating as a commercial, non-conforming permitted use on the Property. As the judge found, plaintiffs' private nuisance claim was based on their subjective complaints about Sitescapes' permitted use of the Property. Based on our de novo review, we are convinced the judge properly granted Sitescapes' motion for summary judgment.

To the extent we have not specifically addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3086-23